Jerome B. HANSEN,
Plaintiff-Appellant,

v.

John C. AHLGRIMM and Harley
Brown, Defendants-Appellees.

No. 73–1603.

United States Court of Appeals,
Seventh Circuit.

Argued April 24, 1974.

Decided July 8, 1975.

Robert E. Sutton, Milwaukee, Wis., for plaintiff-appellant.

Dennis J. Flynn, Corp. Counsel, Racine County, Harley Brown, Racine, Wis., for defendants-appellees.

Before FAIRCHILD, Chief Judge, CUMMINGS and PELL, Circuit Judges.

FAIRCHILD, Chief Judge.

Plaintiff-appellant Jerome B. Hansen appeals from the district court's order dismissing his complaint for failure to state a claim on which relief could be granted.

The action was commenced pursuant to the provisions of the Civil Rights Act, 42 U.S.C. § 1983, to obtain relief against defendant Ahlgrimm, a duly elected judge of the County Court of Racine County, Wisconsin, and the defendant Brown, a private attorney licensed to practice law in the state of Wisconsin. Jurisdiction was founded on 28 U.S.C. § 1343. Specifically, the complaint alleged that Judge Ahlgrimm entered a divorce judgment against plaintiff and wife on October 21, 1970, awarding a substantial financial settlement to the wife; that, while appeal of this judgment was pending, Attorney Brown, representing plaintiff's wife, prosecuted an Order to Show Cause before Judge Ahlgrimm requesting entry of an order requiring plaintiff to pay the sum awarded in the divorce decree or face arrest and imprisonment; that Brown prosecuted the Order to Show Cause without legal basis and for the purpose of forcing plaintiff to forfeit his appellate rights under peril of imprisonment and to deprive him of his liberty without due process of law; that Judge Ahlgrimm entered the requested order and subsequently caused a warrant to issue for the arrest and imprisonment of plaintiff for failure to comply; that these judicial

actions were taken without jurisdiction of the laws of Wisconsin; and that, at all times pertinent, Brown and Judge Ahlgrimm acted in concert under color of state law. Plaintiff sought an order declaring that the acts of defendants violated rights, privileges and immunities secured by the Constitution and a judgment against defendants in the amount of $5,000 compensatory damages and $200,000 punitive damages.

On November 14, 1973, this Court, in an unpublished order issued in response to defendant's motion for affirmance without oral argument under Circuit Rule 22, affirmed the district court's dismissal of plaintiff's damage claims against Judge Ahlgrimm, concluding that "defendant Ahlgrimm had jurisdiction to enter the order complained of [under Wisconsin law] and that he is therefore immune to suit for damages."[1] Thus, we are presented with the limited issues of the propriety of the district court's dismissal of plaintiff's claims for declaratory relief against Judge Ahlgrimm and damages and declaratory relief against Attorney Brown.

## I. Declaratory Relief Against Judge Ahlgrimm

It is clear, as a matter of general principle, that declaratory and injunctive relief against a judge are not barred by the existence of judicial immunity from damages under the Civil Rights Act. *Nicholson v. Board of Com'rs. of Alabama State Bar Ass'n.*, 338 F.Supp. 48, 52, n. 4 (3-judge court) (M.D. Ala. 1972); *cf. Boyd v. Adams,* 513 F.2d 83, 86–87 (7th Cir. 1975); *Jacobson v. Schaefer,* 441 F.2d 127, 130 (7th Cir. 1971). The granting of declaratory relief, however, is discretionary, *Public Affairs Associates, Inc. v. Rickover,* 369 U.S. 111, 112, 82 S.Ct. 580, 7 L.Ed.2d 604 (1962), and is clearly precluded in the absence of any actionable live case or controversy. *Golden v. Zwickler,* 394 U.S. 103, 108, 89 S.Ct. 956, 22 L.Ed.2d

1. Our prior order also affirmed plaintiff's challenge to the order of the district court staying the taking of defendant's depositions and the

decision of the court in refusing to treat the motions to dismiss as motions for summary judgment.

113 (1969). An examination of the record in the instant proceeding persuades us that there was no error in dismissing the prayer for declaratory relief against the defendant Judge Ahlgrimm.

■ The complaint is predicated expressly and exclusively upon 42 U.S.C. § 1983. Fairly read, it charges that certain judicial actions of defendant Ahlgrimm were taken without authorization by Wisconsin law and caused a deprivation of plaintiff's constitutional rights. The prayer for relief seeks a declaration to that extent and actual and punitive damages. Thus, we are not presented with a case in which declaratory judgment will serve some purpose, such as a declaration of the unconstitutionality of certain specifically enumerated statutes authorizing the complained of action. See e. g., Nicholson v. Board of Com'rs. of Alabama State Bar Ass'n, supra, 338 F.Supp. at 51. Rather, from the face of the pleadings, we conclude that the declaratory relief portion of plaintiff's prayer is no more than an implicit predicate to his request for damages. Since we have previously found Judge Ahlgrimm to be immune from the damage claim asserted, we fail to ascertain any remaining case or controversy to be resolved by declaratory judgment.

## II. Claims Asserted Against Defendant Brown

Plaintiff's complaint also sought damages and declaratory relief against defendant Brown, a private attorney representing plaintiff's former wife in the state divorce proceedings. In order to state a claim under 42 U.S.C. § 1983, it is necessary for the plaintiff to allege facts which show: (1) that the defendant acted under color of state law or authority; and (2) that the defendant has deprived the plaintiff of a right, privilege or immunity secured by the Constitution and laws of the United States. We conclude that the complaint against defendant Brown was properly dismissed for failure of the plaintiff to establish that the complained of actions were under

color of state law or authority. Whether the complaint sufficiently spells out a claim of deprivation of a federal constitutional right is dubious, but need not be reached

■ It is established that a private attorney, while participating in the trial of private state court action, is not acting under color of state law. Skolnick v. Martin, 317 F.2d 855, 857 (7th Cir. 1963), cert. denied, 375 U.S. 908, 84 S.Ct. 199, 11 L.Ed.2d 146; Jones v. Jones, 410 F.2d 365, 366 (7th Cir. 1969). Plaintiff, through conclusory allegations, sought to avoid this result by asserting that defendant Brown acted "in concert" with Judge Ahlgrimm, concededly a state official, presumably by seeking the complained of Order to Show Cause and the issuance of the arrest warrant for failure to comply. Cf. United States v. Price, 383 U.S. 787, 794, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966); Guedry v. Ford, 431 F.2d 660 (5th Cir. 1970).

■ In view of the ordinary contacts of counsel and court incident to litigation, it may be questioned whether these allegations are sufficiently specific to constitute a claim of actionable conspiracy for the purpose of 42 U.S.C. § 1983. At most, the complaint does no more than " 'merely state vague and conclusionary allegations respecting the existence of a conspiracy' without showing any 'overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy.' [citations omitted]." Dieu v. Norton, 411 F.2d 761, 763 (7th Cir. 1969). Moreover, even assuming plaintiff's allegations to be sufficiently specific to overcome this defect, it has been frequently stated that allegations of conspiracy between private persons and public officials who are themselves immune from liability under the facts alleged are insufficient to establish liability of the private persons under color of state law for purposes of the Civil Rights Act. Brown v. Dunne, 409 F.2d 341, 343–44 (7th Cir. 1969); Sykes v. State of California Dept. of Motor Vehicles, 497 F.2d 197, 202 (9th Cir. 1974);

*Hill v. McClellan,* 490 F.2d 859, 860 (5th Cir. 1974); *Haldane v. Chagnon,* 345 F.2d 601, 604–05 (9th Cir. 1965).

Plaintiff has also argued that the mere act of prosecuting the Order to Show Cause was an act under color of state law without regard to any conspiracy, relying upon *Hall v. Garson,* 430 F.2d 430, 438–40 (5th Cir. 1970) and *Klim v. Jones,* 315 F.Supp. 109, 113–15 (N.D. Cal. 1970). We disagree. The rule set forth in these cases is a narrow one and has not gone unchallenged. *James v. Pinnix,* 495 F.2d 206, 207–08 (5th Cir. 1974); *cf. Kerrigan v. Boucher,* 326 F.Supp. 647, 651 (D.Conn. 1971). At most, it appears to stand for the limited proposition that actions of a private individual, pursuant to express state authorization, which possess the characteristics of a traditional state function (such as forced entry into a private residence to execute a lien), may be viewed as state action. This doctrine is not applicable here where defendant Brown, a private attorney, is being challenged for having utilized authorized judicial procedure to present the state courts with a claim for relief in private litigation. Such an expansive view of state action would subject all who utilize the courts to litigate and enforce private claims to possible Civil Rights liability in the federal forum at any time a dissatisfied opponent claimed the challenged procedure failed to comport with constitutional guarantees.[2] Again we do not reach the question of whether the complaint sufficiently spells out a claim of deprivation of a federal constitutional right.

The Clerk of this Court is instructed to enter judgment affirming the judgment appealed from.

---

**2.** We find no sufficient allegation in plaintiffs complaint that Brown conspired with the law enforcement officials who attempted to enforce the bench warrant and thus have no oc- casion to consider whether such an allegation, if made, would have been sufficient to establish that Brown was acting under color of state law or authority.