**Claude GROW, Plaintiff-Appellant,**

**v.**

**Thomas G. FISHER, Individually and in his capacity as Prosecuting Attorney for the 30th Judicial Circuit of the State of Indiana, et al., Defendants-Appellees.**

No. 74–1741.

United States Court of Appeals,
Seventh Circuit.

Argued April 18, 1975.

Decided Oct. 9, 1975.

all of whom are private citizens. In a thorough and well-reasoned, unreported memorandum opinion, the district court dismissed the complaint against Fisher on the ground of prosecutorial immunity and against the private citizens on the basis that their actions were not under color of state law and that the complaint did not otherwise allege facts sufficient to constitute a cause of action under the Civil Rights Act.

The complaint charges that in 1967 defendant "Amy J. Blanche signed a criminal affidavit charging plaintiff Claude Grow with having unlawfully assaulted and battered with intent to gratify sexual desires said Amy Blanche's daughter, defendant Linda K. Blanche (McElfresh), then sixteen (16) years of age." The affidavit, according to the complaint, was approved by Fisher, and Grow was arrested, charged, and tried. At the trial Amy Blanche, Linda Blanche, Paula Eaton (Webb), and Lee Blanche testified. Grow was found not guilty. Plaintiff alleges that the charges

> "were patently false and were not substantiated with facts sufficient to warrant a finding of probable cause. The actions of the defendant Thomas G. Fisher in proceeding with the criminal complaint on such charge was a blatant abuse of the discretion with which he is clothed as Prosecuting Attorney for the State of Indiana, and was motivated by malice against plaintiff, seeking to humiliate and defame plaintiff in the community where both plaintiff and defendants reside."

The complaint further alleges that since the trial Lee Blanche assaulted plaintiff with a blackjack, that plaintiff swore out a criminal affidavit, and that though Fisher's office approved the complaint and had Blanche arrested, no action was taken to bring Blanche to trial. Also, other assault attempts by Lee Blanche are alleged as well as a threat by Fred Eaton to kill plaintiff and harassing telephone calls by Amy Blanche.

The complaint alleges that these actions by Fisher and the other defendants

Brent A. Barnhart, Bloomington, Ind., for plaintiff-appellant.

Margaret C. Attridge, James V. Donadio, Indianapolis, Ind., Michael J. Stapleton, Joseph T. Bumbleburg, Larry R. Fisher, Lafayette, Ind., for defendants-appellees.

Before SWYGERT, PELL and STEVENS, Circuit Judges.

PELL, Circuit Judge.

This is an appeal from the dismissal of plaintiff's complaint for failure to state a claim upon which relief could be granted. Plaintiff's complaint, allegedly brought pursuant to the provisions of 42 U.S.C. § 1983 with jurisdiction based on 28 U.S.C. § 1343, sought damages from Thomas Fisher, who at all pertinent times was prosecuting attorney for the 30th Judicial District of the State of Indiana, and from five other defendants,

in concert with him have denied plaintiff various constitutional and legal rights and have resulted in the damages for which he prays.

## I. Prosecutorial Immunity

■ The law of this circuit is clear: a state prosecutor has quasi-judicial immunity even where malice is alleged so long as he is acting within the scope of his prosecutorial discretion. *Littleton v. Berbling,* 468 F.2d 389 (7th Cir. 1972), *cert. denied in part,* 414 U.S. 1143, 94 S.Ct. 894, 39 L.Ed.2d 97 (1974)· *rev'd in part on other grounds,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674, 414 U.S. 514, 94 S.Ct. 685, 38 L.Ed.2d 694; *French v. Corrigan,* 432 F.2d 1211 (7th Cir. 1970), *cert. denied,* 401 U.S. 915, 91 S.Ct. 890, 27 L.Ed.2d 814 (1971); *Hampton v. City of Chicago,* 484 F.2d 602, 606–09 (7th Cir. 1973).[1] Plaintiff concedes that Fisher was acting within his prosecutorial discretion in deciding whether or not to prosecute and that if the generally accepted rule stands, his recovery is barred. He nevertheless in effect argues that a better balance could be struck between the rights of individuals and the interests of the public by limiting prosecutors to the good faith defense afforded to police officers for purposes of § 1983, *i. e.,* a qualified privilege. See *Tritsis v. Backer,* 501 F.2d 1021 (7th Cir. 1974); *Brubaker v. King,* 7 Cir., 505 F.2d 534 (1974).

This court considered a similar argument in *Littleton.* It stated: "In essence, it seems that prosecutors are closer to the judge in *Pierson* [v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967)] than to the policeman in *Monroe v. Pape* [365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961)]." 468 F.2d 409–10. Being of the opinion that the rationale of the generally accepted rule, as stated in the cases, continues to have controlling validifying effect, we have not been persuaded to repudiate or dilute the rule. The dismissal of plaintiff's complaint against Fisher was proper.

1. As noted in *Littleton, supra* at 409, this circuit is not the only one to adopt such a rule but "[i]n fact every circuit which has con-

## II. Private Defendants

■ An action is not within the scope of § 1983 unless that action is under color of state law. Nevertheless, when private persons engage in prohibited conduct with nonimmune state officials, they are acting under color of state law for purposes of § 1983. *United States v. Price,* 383 U.S. 787, 794, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966). According to plaintiff, the private defendants were acting under color of state law because they were acting "in concert" with Fisher, a state official.

It has been stated by several courts that an allegation that private persons have conspired with an immune state official is insufficient to fulfill the color of state law requirement of § 1983. In *Hansen v. Ahlgrimm,* 520 F.2d 768 (7th Cir. 1975), this court recently stated:

"[I]t has been frequently stated that allegations of conspiracy between private persons and public officials who are themselves immune from liability under the facts alleged are insufficient to establish liability of the private persons under color of state law for purposes of the Civil Rights Act. *Brown v. Dunne,* 409 F.2d 341, 343–44 (7th Cir. 1969); *Sykes v. State of California Dept. of Motor Vehicles,* 497 F.2d 197, 202 (9th Cir. 1974); *Hill v. McClellan,* 490 F.2d 859, 860 (5th Cir. 1974); *Haldane v. Chagnon,* 345 F.2d 601, 604–05 (9th Cir. 1965)." at 770.

Notwithstanding this and other similar authority, plaintiff argues that the rule is illogical and that it has been adopted by the various courts without analysis. He cites no cases which reach a contrary result.

The district court in its memorandum opinion cited another similar case, *Guedry v. Ford,* 431 F.2d 660 (5th Cir. 1970), a Civil Rights Act suit under § 1983 which was brought against a judge, an assistant district attorney, and a private defendant. The case, as does the present one, involved alleged damages to the

sidered the question seems to have reached the same result."

plaintiff arising out of the prosecution of a criminal complaint. The Fifth Circuit held that the private person who was alleged to have conspired with the state officials could not be held liable under the Civil Rights Act.

The district court pointed out that this circuit had not decided the question at the time of the decision below. *Cf. Brown, supra.* The court, although recognizing the authority elsewhere, found it unnecessary to adopt specifically the *Guedry* formulation but upon analysis of the allegations found that the general, conclusory allegations unsupported by facts should be rejected as insufficient to constitute a cause of action under the Civil Rights Act. Although this court now has recognized the *Guedry* formulation in *Hansen,* we find somewhat disturbing the lack of any rationale for a rule which would appear to carry over governmental immunity to private individuals. The trend of recent judicial decisions has been in the direction of limiting the scope of immunity rather than enlarging it as would be here involved.

We are not unmindful that a policy rationale could be advanced for extending quasi-immunity to persons who bring to the attention of immune prosecuting officials alleged criminal activity which is followed by prosecution. For example, as was argued by the appellees, a private person who is the victim of a crime or a witness to a crime should not be discouraged from reporting that crime to proper authorities or from following the advice of a prosecuting attorney as to whether or not to sign an affidavit against the perpetrator of a crime. Our society appears to have a bias against "getting involved." We cannot ignore widely-publicized and shocking incidents in which persons observing the perpetration of a crime failed to take any action whatsoever.

Nevertheless, even though we, as the district court did not, have *Hansen,* we decline to base the decision in this case upon the basis of some type of immunity. We agree, however, with the district court that the complaint is deficient in other respects.

■ As an initial matter, we note that the only nexus between the independent acts charged against the private defendants and those of which the prosecuting attorney allegedly was guilty is contained in the words "in concert." While this phrase may be construed to mean "agreed on" or "mutually contrived or planned," *Stone v. Wingo,* 416 F.2d 857, 860 (6th Cir. 1960), it has also been held that when a claim that an agreement violated anti-trust statutes was dependent upon such an allegation, there was a lack of sufficient specificity:

"It [concerted] is a word which unquestionably is often used in a sense implying agreement. But it is also used to describe similar action by different persons with the same object in view, not proceeding from agreement between them. An unorganized mob may be said to make a 'concerted' attack. If the indictment as a whole were obviously based on the assumption of an agreement to which the defendants were parties, it might be that the language used would be sufficient; but that is not this case. There is no allegation or direct suggestion that the defendants acted under agreement with each other. The absence of such an averment is apparently not due to inadvertence; it seems to be studiously avoided. The indictment appears to have been drawn on the theory that agreement was not essential. Its language and tenor are not such that the averment of one can be found by implication—certainly not with such clearness and definiteness as the defendants are plainly entitled to upon such an important allegation." *United States v. Piowaty & Sons,* 251 F. 375, 378 (D.Mass.1917).

In *Hansen, supra,* the court had an "in concert" allegation and questioned whether the allegations were sufficiently specific to constitute a claim for conspiracy for the purpose of § 1983. However, even if we were to assume, as did this court in *Hansen,* that the "in concert"

allegation was sufficiently specific to support a claim of conspiracy, there still must be some basis more than mere conclusionary allegations that there was an agreement under color of state law to violate the plaintiff's constitutional rights, privileges, or immunities.

■■ While some of the acts charged against the individual defendants would be tortious in nature, none is sufficient to show that they were done under color of law or that any of plaintiff's constitutional rights were violated thereby. The only action of any of the defendants which was under color of law was with relation to the prosecutions. There is no allegation to support a basis for a claim that the individual defendants had any control over the prosecution of the case against Grow or the failure to prosecute the action in which he was a complainant. That control was vested by law in the prosecuting official. The mere fact that the individual defendants were complainants and witnesses in action which itself was prosecuted under color of law does not make their complaining or testifying other than what it was, *i. e.,* the action of private persons not acting under color of law. See *Spires v. Bottorff,* 223 F.Supp. 441, 451 (S.D.Ind.1963), *aff'd,* 332 F.2d 179 (7th Cir. 1964), *cert. denied,* 379 U.S. 938, 85 S.Ct. 343, 13 L.Ed.2d 349. *See also, Stambler v. Dillon,* 302 F.Supp. 1250, 1255 (S.D.N.Y. 1969); *Pritt v. Johnson,* 264 F.Supp. 167, 170 (M.D.Pa.1967).

We may assume, and there are no allegations to the contrary, that the plaintiff in the action brought against him did receive a fair trial. He was acquitted. There is no allegation that the prosecutor knowingly used perjured testimony. Plaintiff fails to allege specifically as to why there was no reasonable basis for proceeding to trial on the criminal action.

In the words of the district court, with which we agree:

"He merely concludes that the prosecuting attorney had no probable cause to proceed to trial despite the fact that there were several complaining witnesses. In short, plaintiff does not allege any facts which indicate that the criminal prosecution against him was any different than any other case of criminal prosecution. General conclusory allegations unsupported by facts have consistently been rejected as insufficient to constitute a cause of action under the Civil Rights Act. *Hoffman v. Halden,* 268 F.2d 280, 294 n. 15 (9th Cir. 1959)."

In sum, we conclude that entirely apart from Fisher's immunity, the simple conclusionary allegation that various private torts were committed "in concert" with a state official was not sufficient to cause the private tort-feasors to be acting under color of state law, nor was there any showing that the individuals violated any constitutional rights of the plaintiff.

Accordingly the judgment of the district court is affirmed.

Affirmed.