**Maria Muzio RUSSELL, Shirley Tolley and Benedict Ginsberg, Plaintiffs,**

v.

**TOWN OF MAMARONECK, Village of Larchmont and Larchmont Creche Society, Defendants.**

**Leonard H. RUBIN, Plaintiff,**

v.

**VILLAGE OF SCARSDALE and Scarsdale Creche Committee, Defendants.**

**Nos. 76 Civ. 5556, 76 Civ. 5557.**

United States District Court, S. D. New York.

Nov. 18, 1977.

---

Leonard H. Rubin, pro se and for plaintiffs Russell, Tolley and Ginsberg.

James J. Johnston, Larchmont, N. Y., for Town of Mamaroneck.

George P. Forbes, Jr., Larchmont, N. Y., for Village of Larchmont.

William D. Gallagher, New York City, for Larchmont Creche Soc.

John F. Holden, Jr., White Plains, N. Y., for Village of Scarsdale.

John J. Sweeney, P. C., New York City, for Scarsdale Creche Committee.

## OPINION

ROBERT J. WARD, District Judge.

■ These two related actions have been brought by citizens and taxpayers of the Villages of Scarsdale and Larchmont and the Town of Mamaroneck ("plaintiffs") against their respective municipalities ("the public defendants") and against two unincorporated associations, comprised of representatives from various churches in Scarsdale and Larchmont ("the private defendants").[1] Plaintiffs seek declaratory judg-

1. In No. 76 Civ. 5556, the plaintiffs are Maria Muzio Russell ("Russell") and Shirley Tolley ("Tolley"), citizens and taxpayers of defendant Town of Mamaroneck, and Benedict Ginsberg ("Ginsberg"), a citizen and taxpayer of defendant Village of Larchmont. The private defendant is the Larchmont Creche Society. The Court notes that plaintiffs did not follow cor-

ments that the practices of the public defendants of authorizing the private defendants or, in the case of the Town of Mamaroneck, other private parties, to place a nativity scene or "creche" on public land at Christmas time results in the unconstitutional establishment of religion.[2] Injunctions are also sought prohibiting both the public defendants and the private defendants from erecting creches on publicly owned land.[3]

rect procedure in bringing their two discrete and independent "claims" against two discrete sets of defendants in one action and in one complaint. However, in view of the Court's disposition of the action, it finds this error to be of no practical significance. However, for the sake of clarity, it should be noted that the allegations of plaintiffs Russell and Tolley are addressed only against the Town of Mamaroneck, while those of plaintiff Ginsberg relate to the Village of Larchmont and to the Larchmont Creche Society.

In No. 76 Civ. 5557, the plaintiff is Leonard H. Rubin ("Rubin"), a citizen and taxpayer of defendant Village of Scarsdale. The private defendant is the Scarsdale Creche Committee.

2. In Scarsdale, the Village, acting by resolution of its Board of Trustees ("the Board"), has traditionally authorized the Scarsdale Creche Committee or its predecessors to erect a creche at Christmas time on Village-owned park land in the business district of Scarsdale. The creche is owned by the Creche Committee, and each year since 1958 has been erected, maintained, and removed by it without public expense. In 1976, despite protest from Rubin, the Village authorized the placement of the creche at its customary location. However, in response to Rubin's objections, the Board required that a sign be placed beside the creche, indicating that it had been erected by a private group, and not by a public authority.

Other than in 1975, when the Larchmont Board of Trustees refused to permit the creche to be placed on public land, the governmental authorities in Mamaroneck and Larchmont have also authorized the erection of a creche on public land annually at Christmas time. In Larchmont, the creche is placed in front of the Village Hall; in Mamaroneck it is erected on Town park land. In 1976, the Larchmont creche was owned, erected, maintained and removed by the Society, without expense to the Village. A sign was placed beside the creche, indicating that it was erected by the Society. The Mamaroneck creche was also privately owned in 1976 and was erected, maintained and removed by private parties that year without Town expense. However, prior to 1976, the Town itself had owned the creche and conducted these activities.

Plaintiffs have predicated their right to bring these cases in federal court on 28 U.S.C. § 1331(a), federal question jurisdiction,[4] and on 28 U.S.C. § 1343(3),[5] the jurisdictional counterpart of 42 U.S.C. § 1983.[6] Both the public defendants and the private defendants contend that the Court lacks subject matter jurisdiction over plaintiffs' claims. In addition, the public defendants and one of the private defendants[7] have moved and plaintiffs have cross-moved for

3. Although plaintiffs sought to enjoin the private defendants from erecting a creche "this year," i. e., in 1976, the Court finds that their claims are not moot in view of the likelihood that the private defendants will make future similar requests for the use of public land.

4. 28 U.S.C. § 1331(a) provides:

The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States except that no such sum or value shall be required in any such action brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity.

5. 28 U.S.C. § 1343(3) provides:

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

\* \* \* \* \* \*

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

6. 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

7. The Scarsdale Creche Committee moved for summary judgment. The Larchmont Creche Society endorsed the summary judgment motion of the Village of Larchmont, but made no formal motion of its own.

summary judgment, pursuant to Rule 56, Fed.R.Civ.P. For the reasons hereinafter stated, the amended complaints are dismissed for lack of subject matter jurisdiction.

*The Claims Against the Public Defendants*

■ As municipal corporations, the public defendants are not "persons" amenable to suit under § 1983. Hence, jurisdiction cannot be premised on § 1343. *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

■ The Court also concludes that jurisdiction is lacking under § 1331, as plaintiffs have not met that section's jurisdictional amount requirement.

In 1976 Congress amended § 1331 to abolish the amount in controversy requirement in suits against the United States, federal agencies, and federal officials. Act of October 21, 1976, Pub.L. No. 94–574, § 2, 90 Stat. 2721. However, it declined the invitation to abolish the requirement entirely, thus, leaving it operative in a small class of cases, including suits against municipalities.[8]

■ The legislative history indicates that the impetus behind the statutory amendment was the need to provide litigants with a federal forum to enforce federal rights. House Report, *supra* at 15–16. The need was acute in suits against federal officials, as it was feared that state courts were powerless to enjoin such officers' action taken under color of federal law. House Report, *supra* at 15.[9] Faced with this inequity, some courts were circumventing the jurisdictional amount question[10] or avoiding it altogether. Comment, *The Jurisdictional Amount in Controversy in Suits to Enforce Federal Rights*, 54 Texas L.Rev. 545, 574–88 (1976) [hereinafter cited as Texas Note]. Such an approach was unsatisfactory to Congress because it "abdicate[d] a court's constitutional and statutory duties 'to ensure that each case before it falls within the limited jurisdictional power of the Federal judiciary.'" It also "'add[ed] to the confusion surrounding the requisite . . . especially in the lower courts, and foster[ed] arbitrary and haphazard application of jurisdictional standards.'" House Report, *supra* at 17 n.51, *quoting* Texas Note, *supra* at 585.

While it is not entirely clear why Congress declined to abolish the amount in con-

---

**8.** The cases to which the amount requirement remains applicable have been described as "rare and insignificant." In addition to suits against municipalities, the requirement might apply to suits challenging a state statute as inconsistent with a federal statute, as it is unclear whether such a claim could be brought under 28 U.S.C. § 1343(3) on the basis of the Supremacy Clause. H.R.Rep.No.94–1656, 94th Cong., 2d Sess. 16 (1976), reprinted in 1976 U.S.Code Cong. & Admin.News p. 6121 [hereinafter cited as House Report], citing *Hagans v. Lavine*, 415 U.S. 528, 533 n.5, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3561, at 392 n.17 (1975). Even prior to the amendment of § 1331, the amount in controversy requirement had substantially diminished in importance by the passage of many statutes conferring federal court jurisdiction without such a requirement. *See Lynch v. Household Finance Corp.*, 405 U.S. 538, 549 n.17, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972); House Report, *supra* at 14.

**9.** The need was also emphasized by the anomaly that plaintiffs seeking relief against state officials had access to a federal forum, without regard to the amount in controversy, under 28 U.S.C. § 1343, while litigants seeking similar relief against federal officers had no means of entree into federal court. *See, e. g., Spock v. David*, 469 F.2d 1047, 1050 (3d Cir. 1972); *Cortright v. Resor*, 325 F.Supp. 797, 811 (E.D. N.Y.), *rev'd on other grounds*, 447 F.2d 245 (2d Cir. 1971), *cert. denied*, 405 U.S. 965, 92 S.Ct. 1172, 31 L.Ed.2d 240 (1972).

**10.** This was done by ascribing a monetary value to intangible rights or by holding that such rights were inherently worth more than $10,-000. *E. g., Gomez v. Wilson*, 155 U.S.App.D.C. 242, 477 F.2d 411, 420–21 n.56 (1973); *Spock v. David*, 469 F.2d 1047, 1052 (3d Cir. 1972); *CCCO–Western Region v. Fellows*, 359 F.Supp. 644, 647 (N.D.Cal.1972); *Cortright v. Resor*, 325 F.Supp. 797, 810 (E.D.N.Y.), *rev'd on other grounds*, 447 F.2d 245 (2d Cir. 1971), *cert. denied*, 405 U.S. 965, 92 S.Ct. 1172, 31 L.Ed.2d (1972). However, in its amendment, Congress implicitly recognized that the "evaluation" of such rights is a fiction, as it is impossible to place a monetary value on intangible rights. House Report, *supra* at 14 & n.39.

troversy requirement *in toto*,[11] it is true that the need for reform was less pressing in suits against municipalities than in cases against federal officials. Firstly, since a municipality is an entity of the state, not of the federal government, state courts should be able to enforce injunctions against them effectively. Secondly, by suing appropriate municipal officers in their official capacities for an injunction under § 1983, plaintiffs are in a position to obtain in federal court substantially the same relief under existing statutory law as is sought in an injunction action against a municipality.

The Court concurs in the view that litigants should have the opportunity to redress important federal rights in a federal forum. Therefore, should there be any significant respect in which a § 1983 suit could not duplicate the relief sought against a municipality itself, the Court would deem the jurisdictional gap unfortunate. However, so long as the amount in controversy requirement remains a prerequisite in § 1331 cases against municipalities, for courts to uphold jurisdiction would require the same type of circumvention or avoidance which Congress found unsatisfactory in suits against federal officials. The Court declines to perpetuate such a practice and its attendant problems. If present alternatives for adjudication of claims against municipalities are insufficient, it is for Congress, not for the courts, to remedy the situation. Accordingly, plaintiffs' claims against the public defendants are dismissed for lack of subject matter jurisdiction.

### The Claims Against the Private Defendants

■ Plaintiffs have asserted that jurisdiction exists under 28 U.S.C. § 1343(3) with regard to their claims against the private

defendants. In essence, their contention is that the private defendants, acting under color of state law, deprived plaintiffs of their right to freedom from the establishment of religion[12] in violation of § 1983.

■ Although, in most instances, only public entities and officials are capable of acting under color of law, it is clear that the acts of private parties as " 'willful participant[s] in joint activity with the State or its agents' " may also constitute state action for purposes of § 1983. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150–52, 90 S.Ct. 1598, 1606, 26 L.Ed.2d 142 (1970), *quoting United States v. Price*, 383 U.S. 787, 794, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966). However, it has been uniformly held that private defendants cannot act under color of state law on the basis of conspiracy or joint activity with the state or its agents if the governmental entities or officials with whom they are alleged to act in concert are themselves immune from liability under the statute. *Hansen v. Ahlgrimm*, 520 F.2d 768, 770–71 (7th Cir. 1975); *Sykes v. California Department of Motor Vehicles*, 497 F.2d 197, 202 (9th Cir. 1974); *Hill v. McClellan*, 490 F.2d 859, 860 (5th Cir. 1974); *Guedry v. Ford*, 431 F.2d 660, 664 (5th Cir. 1970); *Brown v. Dunne*, 409 F.2d 341, 343–44 (7th Cir. 1969); *Haldane v. Chagnon*, 345 F.2d 601, 604–05 (9th Cir. 1965); *Dennis v. Hein*, 413 F.Supp. 1137 (D.S.C.1976); *Stambler v. Dillon*, 302 F.Supp. 1250, 1255 (S.D.N.Y.1969); *Jemzura v. Belden*, 281 F.Supp. 200, 206 (N.D.N.Y. 1968); *see Reilly v. Doyle*, 483 F.2d 123, 128–29 (2d Cir. 1973). *But cf. Grow v. Fisher*, 523 F.2d 875, 877–78 (7th Cir. 1975).

■ In the instant case, plaintiffs have attempted to cloak the private defendants' actions with the authority of state law on

11. There was some evidence of a concern for the impact such action would have on the dockets of the federal courts. House Report, *supra* at 29. However, the testimony at the Hearings on the amendment indicated that the number of additional cases would be quite small. House Report, *supra* at 15–17.

12. As presently pleaded, plaintiffs' complaints allege only the acts of the public defendants, not those of the private defendants, to consti-

tute the unconstitutional establishment of religion. This omission was apparently inadvertent. Since it is clear from the parties' motion papers that the private defendants recognized the intended import of plaintiffs' allegations, the Court deems the amended complaints amended once more to assert the requisite constitutional deprivation on the part of the private defendants.

the ground that they acted in concert with the respective public defendants. The public defendants, however, are not "persons" within the meaning of § 1983 and thus are immune from suit under that statute. *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *Sykes v. State of California Department of Motor Vehicles*, 497 F.2d 197, 201 (9th Cir. 1974). As a result of this immunity, it is not possible that the private defendants acted under color of state law on the basis of joint activity with the public defendants. Accordingly, plaintiffs have failed to state claims under § 1983 and the Court lacks jurisdiction under § 1343.[13]

■ Plaintiffs fare no better in premising jurisdiction on 28 U.S.C. § 1331. As the Court has discussed with regard to plaintiffs' claims against the public defendants, plaintiffs have failed to meet the jurisdictional amount requirement of § 1331. Furthermore, since the Establishment Clause prohibits only governmental action, and plaintiffs have pointed to no other law or treaty which proscribes private parties from conducting the activities involved herein, plaintiffs' claims against the private defendants do not meet the "arising under" requirement of § 1331.

For the foregoing reasons, the amended complaints are dismissed.[14]

It is so ordered.

---

**13.** 28 U.S.C. § 1343(3) vests the district courts with original jurisdiction over civil actions "[t]o redress the deprivation under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution . . . ." Since the private defendants did not act under color of state law, the Court lacks jurisdiction under this section.

**14.** In its dismissal, the Court expresses no view as to whether plaintiffs might have prevailed in their Establishment Clause claims had subject matter jurisdiction been established.