810 F.2d 202
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles OLLIS, Plaintiff-Appellant,
v.
Henry WOOD, Knox County, Tennessee, Pamela Self, Susan
Arwood, David Rutherford and Martha Rutherford,
Defendants-Appellees.
 No. 85-5764.
 United States Court of Appeals, Sixth Circuit.
 Nov. 25, 1986.
 
 Before WELLFORD and MILBURN, Circuit Judges, and DeMASCIO*, District Judge.
 PER CURIAM.
 
 
 1
 The appellant, Charles Ollis, filed this action in April 1985, under 42 U.S.C. § 1983, seeking damages for violations of his civil rights in connection with his April 1984 arrest for sexual battery of a minor. Ollis named as defendants Knox County, Tennessee; Henry Wood, a detective with the Knox County Sheriff's Department; Pamela Self and Susan Arwood, social workers for the Tennessee Department of Human Services; and David and Martha Rutherford. The district court granted all of the defendants' motions for summary judgment, on July 12, 1985.
 
 
 2
 In October 1983, Pamela Self and Susan Arwood were investigating the sexual abuse of a seven year old child. Self and Arwood were members of a child abuse investigatory team with Detective Wood. The investigation revealed that the child suffered from gonorrhea in three body cavities. Both the child's mother, Martha Rutherford and stepfather, David Rutherford were also infected. Self, Arwood and Wood were all aware of the positive test results.
 
 
 3
 The complaint alleges that after learning of the test results, Self, Arwood and Wood met with the Rutherfords and informed them that they would be under suspicion of abusing the child until another suspect was named. Appellant also alleges that the child at other times named David Rutherford as her molester. Some time after her parents met with the investigative team, the child implicated Ollis. The investigatory team allegedly agreed that Detective Wood would assist the Rutherfords in obtaining a warrant for Ollis' arrest. Detective Wood helped the Rutherfords complete their application for the warrant and was present at the probable cause hearing. Although he did not testify at the hearing, Wood submitted an affidavit reciting the child's identification of Ollis. Wood did not inform the magistrate of the gonorrhea evidence or that the child had on another occasion identified Rutherford as her molester.
 
 
 4
 A warrant was issued for appellant's arrest on April 10, 1984. Detective Wood executed the warrant and charged Ollis with sexual battery of a minor. After his arrest, Ollis was held for 51 days without being tested for gonorrhea. The district attorney eventually dropped the charges against him after receiving medical proof from Ollis' wife that he could not have had gonorrhea. On September 27, 1984, the child's stepfather, appellee David Rutherford, was arrested and charged with aggravated rape of the child. Rutherford pled guilty to aggravated sexual battery on April 19, 1985 and was sentenced to 20 years in the state penitentiary.
 
 
 5
 Specifically, appellant's complaint contains allegations against Wood for withholding information at the probable cause hearing and for falsely imprisoning him, against Self and Arwood for malicious prosecution, encouraging false arrest and negligent investigation, against the county for having a custom and policy permitting officers to withhold information at probable cause hearings and against the Rutherfords for false arrest and false imprisonment. In granting all appellees' motions for dismissal or summary judgment, the district court reasoned that because appellant did not challenge the magistrate's finding of probable cause, he failed to allege a constitutional deprivation on the false arrest charge; that appellees Self, Arwood and Wood were protected against the claim of malicious prosecution because a reasonable person would not have known that their actions violated a clearly established statutory or constitutional right; and that appellee Wood's failure to disclose the gonorrhea evidence to the magistrate was protected by a qualified immunity. The fact that the child and her stepfather both had gonorrhea did not, in the court's opinion, conclusively establish appellant's innocence.
 
 
 6
 On appellee Knox County's motion for summary judgment, the court held that even if the county did have a custom or policy of encouraging its deputies who do not testify at probable cause hearings to withhold information implicating other suspects, appellant's amended complaint failed to allege that such was a constitutional violation. The court also granted summary judgment for the Rutherfords on the ground that they were not acting under color of state law for purposes of a § 1983 action. Thus, we are called upon to determine: 1) whether appellant stated a constitutional claim when he did not challenge the validity of the warrant; 2) whether appellees Wood, Self and Arwood are protected by a qualified immunity; 3) whether appellant stated a constitutional claim against Knox County; and 4) whether appellant stated a constitutional claim against the Rutherfords.
 
 I.
 
 7
 A criminal suspect has a clearly established federal right not to be arrested without probable cause. Donta v. Hooper, 774 F.2d 716 (6th Cir.1985). The fact that an arrest was made pursuant to a warrant issued by a magistrate does not necessarily shield those who obtained or executed the warrant from liability if there was no probable cause. Malley v. Briggs, 106 S.Ct. 1092, 1098 (1986). To support their argument that appellant failed to allege a constitutional violation because he did not challenge the magistrate's finding of probable cause, appellees rely primarily on Baker v. McCollan, 443 U.S. 137 (1979). In Baker, the Court held that where a suspect was detained pursuant to a facially valid warrant, police failure to immediately investigate his claims of innocence did not amount to a constitutional deprivation. This case, however, is distinguishable from Baker. While plaintiff in Baker was confined for only 9 days, Ollis was held for 51 days. Even in Baker, the Court recognized that "mere detention pursuant to a valid warrant but in the fact of repeated protests of innocence will after the lapse of a certain amount of time deprive the accused of 'liberty ... without due process of law.' " Id. at 145. In addition, plaintiff in Baker did not contend that the police had no probable cause for his arrest. He challenged only the sheriff's post-arrest failure to investigate his valid claim of mistaken identity. Although Ollis does not challenge the magistrate's finding of probable cause, he does contend that there was, in fact, no probable cause for his arrest. The magistrate could not make a proper finding because he was given insufficient information to make a determination of probable cause.
 
 
 8
 Two relevant pieces of information were withheld from the magistrate. One was the gonorrhea evidence, and the other was the child's alleged identification of her stepfather as her assailant. Appellees and the district court question whether this evidence was even exculpatory. Appellees argue that the child could have had more than one assailant and her parents could have contracted gonorrhea through "parental contact." Even if the evidence was not technically "exculpatory," it was certainly relevant to a finding of probable cause. The child's inconsistent identifications cast doubt on her reliability, as does the allegation that her parents were told that if the child did not name someone else they would be under suspicion.
 
 
 9
 It is unclear whether a police officer or witness swearing out a warrant has a duty to present all possibly exculpatory evidence to the magistrate at a probable cause hearing. It is clear, however, that law enforcement personnel have a duty to be candid with those who have the authority to authorize an arrest. See Whitley v. Seibel, 613 F.2d 682 (7th Cir.1980). As the Supreme Court noted in the context of a suppression hearing, "[w]hen the Fourth Amendment demands a factual showing sufficient to comprise 'probable cause,' the obvious assumption is that there will be a truthful showing." Franks v. Delaware, 438 U.S. 154, 164 (1978) (quoting United States v. Halsey, 257 F.Supp. 1002, 1005 (S.D.N.Y.1966)) (emphasis in original). That same reasoning could be applied to find a constitutional violation where a police officer intentionally or recklessly misrepresents the facts on which the magistrate issues a warrant. See Donta v. Hooper, 774 F.2d 716, 718 (6th Cir.1985).
 
 
 10
 Appellant alleged that appellees pursued the complaint against him and applied for the warrant without probable cause to do so, that they withheld vital information from the magistrate, and that they detained him for 51 days without investigating his claims of innocence. Absent the shield of immunity, these allegations sufficiently state a constitutional deprivation.
 
 II.
 
 11
 The Supreme Court established an objective test for qualified immunity in Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), where it held that:
 
 
 12
 Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.
 
 
 13
 The issue of appellees' objective good faith is a purely legal question to be determined by the court. Donta v. Hooper, 774 F.2d 716, 719 (6th Cir.1985). Appellees Wood, Self and Arwood are protected as a matter of law, therefore, only if a reasonable person would not have known that their actions would deprive appellant of his constitutional rights. The crux of appellant's claim against Detective Wood is that Wood applied for the warrant without probable cause; that he knew or should have known that the Rutherfords were lying; and that by failing to provide the magistrate with all the evidence, he obtained a warrant and arrested appellant without true probable cause. Wood will be protected from liability if a reasonable police officer would not have known, considering all the evidence available, that there was no probable cause.
 
 
 14
 The district court suggested that testimony at a probable cause hearing might be absolutely immune under the reasoning of Briscoe v. LaHue, 460 U.S. 325 (1983). Detective Wood, however, did not testify at the hearing. The Supreme Court has recently held that police officers are protected by only qualified immunity in a § 1983 action when it is alleged that the officer caused someone to be unconstitutionally arrested by presenting a judge with a complaint and a supporting affidavit which failed to establish probable cause. Malley v. Briggs, 106 S.Ct. 1092 (1986). The magistrate's issuance of a warrant does not establish that an officer's actions in obtaining the warrant were per se objectively reasonable. Malley, 106 S.Ct. at 1098-99. Petitioner in Malley argued that the magistrate's finding of probable cause should shield him from all liability. The Court disagreed, noting that "in an ideal system, an unreasonable request for a warrant would be harmless, because no judge would approve it," but recognizing that "ours is not an ideal system," the Court held, "[w]e find it reasonable to require the officer applying for the warrant to minimize this danger [of unlawful arrest] by exercising reasonable professional judgment." Id. at 4246. The fact that the magistrate issued the warrant does not, therefore, protect an officer who failed to exercise reasonable judgment. In Malley, the Court did not decide whether the officer's conduct was reasonable in the case before it, but simply posed the question "whether a reasonably well-trained officer in petitioner's position would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." Id. We believe that a reasonable officer in Detective Wood's position would have known that his affidavit failed to establish probable cause. He relied solely on the claim of the child, a child who had on an earlier occasion identified her stepfather as her assailant. He also ignored evidence that clearly implicated the child's stepfather. These acts alone would be sufficient to overcome his immunity. However, he went even further by failing to provide the magistrate with all the facts. He then executed the warrant and failed to come forward with the additional evidence or to have appellant tested for gonorrhea during the 51 days he was detained.
 
 
 15
 On the other hand, appellees Self and Arwood did not have an active role in obtaining the warrant for appellant's arrest. They were neither present at the probable cause hearing nor alleged to be aware that critical evidence was not presented to the magistrate. Even assuming that Self and Arwood advised the Rutherfords to swear out a warrant against appellant, and that such advice deprived appellant of his rights, we find that they are protected by qualified immunity. Self and Arwood are not police officers and should not be charged with knowledge of the essential ingredients of probable cause. Although they may have been mistaken in their belief that the child's complaint was sufficient to obtain a warrant, and negligent in failing to further investigate the child's earlier complaint against Rutherford, a "reasonable person" would not "know" that such errors amounted to a deprivation of appellant's constitutional rights.
 
 III.
 
 16
 In his amended complaint, appellant alleged that employees of the Knox County Sheriff's Department customarily withhold exculpatory information from magistrates at probable cause hearings. Appellant also alleged that the county had notice of Detective Wood's propensity to ignore citizen's rights, but took no steps to properly train him or to correct or discourage his abuse of authority. If the Knox County Sheriff's Department indeed has a policy of withholding exculpatory information at probable cause hearings, suspects are often in danger of being arrested without probable cause. Appellant's allegations of such a policy state a constitutional claim. Even if such a policy is not established, appellant has alleged that the county knew that Wood withheld such information and failed to discipline him or discourage him from doing so. The Supreme Court recently held that a single decision by a municipal policymaker may amount to a policy for purposes of § 1983. Pembaur v. City of Cincinnati, 106 S.Ct. 1292 (1986). The sheriff's deliberate decision not to discipline or discourage Detective Wood could amount to a constitutional violation on the part of Knox County under Pembaur.
 
 IV.
 
 17
 A private person may be liable under § 1983 if he is "jointly engaged with state officials in the prohibited action" or is "a willful participant in joint activities with the State or its agents." United States v. Price, 383 U.S. 787, 794 (1966). Even if claims against the state officials are dismissed on immunity grounds, the private person is still subject to liability. Dennis v. Sparks, 449 U.S. 24 (1980). Here, however, appellant failed to allege any joint action between the Rutherfords and the other appellees. He did not allege that Wood, Self or Arwood counseled or encouraged the Rutherfords to lie, or that the parties agreed to withhold information from the magistrate.
 
 
 18
 The mere fact that the individual defendants were complainants and witnesses in action which itself was prosecuted under color of law does not make their complaining or testifying other than what it was, i.e., the action of private persons not acting under color of law.
 
 
 19
 Grow v. Fisher, 523 F.2d 875, 879 (7th Cir.1975). To survive a motion for summary judgment, appellant must allege that the Rutherfords' actions were under color of state law. He clearly failed to do so.
 
 
 20
 We conclude that appellant failed to state a constitutional claim against Self, Arwood and the Rutherfords. He did, however, sufficiently plead a § 1983 claim against Detective Wood and Knox County. Accordingly, summary judgment on those claims was inappropriate. The judgment of the district court is affirmed in part and reversed and remanded in part for further proceedings consistent with this opinion.
 
 
 
 *
 Hon. Robert E. DeMascio, United States District Judge, Eastern District of Michigan