**Abdullah M. KHADIJAH, Plaintiff,**

**v.**

**CONRAIL RAIL ROAD, et al., Defendants.**

**No. 89 C 2545.**

United States District Court,
N.D. Illinois, E.D.

April 17, 1989.

Abdullah M. Khadijah, pro se.

### MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Abdullah M. Khadijah ("Khadijah"), a prisoner at the Cook County Jail, sues Conrail Rail Road ("Conrail")[1] and two of its employees—one named and the other unnamed—for their role in his criminal prosecution. Khadijah's pro se Complaint (1) requests damages under 42 U.S.C. § 1983 ("Section 1983") for the alleged violations of his constitutional rights and (2) invokes this Court's pendent jurisdiction over state law claims. Khadijah asks leave to file his complaint in forma pauperis.

■ In its entirety, Khadijah's Statement of Claim (found in Paragraph IV of the standard complaint form provided by this District Court Clerk's Office for Section 1983 lawsuits) reads:

> Defendants, acting under the color of the law, knowingly deprived plaintiff of his constitutional rights, by fabricating an allege [sic] crime for which defendants known that plaintiff had not committed. Defendants conspired maliciously prosecution, false imprisonment, intentional misconduct and with clandestine intent

---

1. Khadijah does not have Conrail's corporate name right (an understandable error, given his pro se status), but this opinion simply reflects the designation in his complaint.

with the State's Attorney and my paid attorney and with the Public Defender in their efforts to secure a conviction.

In short, Khadijah is attempting to hold private parties liable for their role in his criminal prosecution. As he notes on the first page of the Complaint form, his suit is against Conrail employees for perjury.

Khadijah's constitutional claims are not actionable under Section 1983. Any private party who gives testimony in a criminal prosecution is entitled to absolute immunity from damage liability (*Briscoe v. LaHue*, 460 U.S. 325, 329, 103 S.Ct. 1108, 1112, 75 L.Ed.2d 96 (1983)). And to the extent Khadijah's complaint can be read to charge defendants with malicious prosecution, it does not contain sufficient allegations of state action. That concept does not embrace a private party who acts as complainant in a criminal prosecution (*Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir.1975)).

To be sure, a private party may be held liable under Section 1983 when he acts jointly with state officials (*Gramenos v. Jewel Cos.*, 797 F.2d 432, 435 (7th Cir.1986), cert. denied, 481 U.S. 1028, 107 S.Ct. 1952, 95 L.Ed.2d 525 (1987)). But Khadijah's wholly conclusory allegations of conspiracy do not meet the "color of state law" requirement (*Moore v. Marketplace Restaurant*, 754 F.2d 1336, 1352 (7th Cir.1985); *Tarkowski v. Robert Bartlett Realty*, 644 F.2d 1204, 1206 (7th Cir.1980); cf. *Wilkins v. May*, 872 F.2d 190, 192 (7th Cir.1989) (facile allegations of conspiracy insufficient to circumvent absolute witness immunity)).

In sum, Khadijah offers no viable federal claim. That being so, this Court cannot consider his pendent state law claims (*Maguire v. Marquette University*, 814 F.2d 1213, 1218 (7th Cir.1987)).

Accordingly, Khadijah's motion for leave to file in forma pauperis is denied on grounds the Complaint is "frivolous" in the legal sense (*Williams v. Faulkner*, 837

F.2d 304, 309 (7th Cir.), *cert. granted sub nom. Neitzke v. Williams*, —— U.S. ——, 109 S.Ct. 53, 102 L.Ed.2d 32 (1988)).[2] This action is dismissed pursuant to 28 U.S.C. § 1915(d).

---

**2.** After this opinion was issued but before its publication here, the Supreme Court affirmed the Court of Appeals' reading of the standard to be applied in determining whether a complaint is "frivolous" as a matter of law (*Nietzke v. Williams*, —— U.S. ——, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).