**John D. PUCHNER, Plaintiff,**

v.

**WAUKESHA COUNTY CIRCUIT COURT, Hon. M. Gempeler, Defendants.**

No. 97–C–1383.

United States District Court, E.D. Wisconsin.

Feb. 3, 1998.

John D. Puchner, Menomonee Falls, WI, pro se.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On December 31, 1997, the plaintiff, John Puchner, filed a complaint, an "Emergency Motion for Restraining Order Under FRCP 65" and a petition to proceed in forma pauperis. In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(a)(1) and (e)(2). An action is frivolous, for purposes of § 1915(e)(2), if there is no arguable basis for relief in law or in fact. *See Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Casteel v. Pieschek,* 3 F.3d 1050, 1056 (7th Cir.1993); *Castillo v. Cook County Mail Room Dep't.,* 990 F.2d 304, 306 (7th Cir.1993).

The court is obliged to give Mr. Puchner's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Vanskike v. Peters,* 974 F.2d 806, 807 (7th Cir.1992), *cert. denied,* 507 U.S. 928, 113 S.Ct. 1303, 122 L.Ed.2d 692 (1993).

Mr. Puchner has filed an affidavit of indigence disclosing that he is presently employed by the "Aquinas Academy" where he earns $100.00 every two weeks and receives $75.00 to $100.00 a month from self-employment. His affidavit also reveals that his checking account is "overdrawn," has debts of $150,000 and has filed personal bankruptcy under Chapter 7 of the Bankruptcy Code. He also states that he is obligated to pay $800.00 a month in child support for his son. I am satisfied that Mr. Puchner does not have the financial ability to pay the costs of commencing this action. Nevertheless, his petition to proceed in forma pauperis must be denied because his claims are legally "frivolous."

A review of Mr. Puchner's complaint, which seeks relief under 42 U.S.C. § 1983, reveals that he finds fault with Judge Gempeler's conduct in connection with his post-divorce proceedings. Specifically, Mr. Puchner alleges that Judge Gempeler violated his due process rights by allowing Attorney Michael Finn to appear as guardian ad litem for his son despite the fact that there was no court order appointing Attorney Finn to act as the guardian. The plaintiff alleges that due to Attorney Finn's involvement, he "was wrongly incarcerated for 6 months and hasn't seen his son in 7 months." Complaint, ¶ 6.

As relief, Mr. Puchner seeks (1) "a temporary and permanent restraining order against the Waukesha County from ever allowing Finn to appear as GAL again"; (2) "a declaratory judgment that the egregious discrimination of the Waukesha County and Hon Gempeler is in direct contravention of 42 U.S.C. 1983"; and (3) "a money judgment for the costs of bringing this action at a fair market value and other relief as the court may deem appropriate."

With respect to his action against the Waukesha County Circuit Court, Mr. Puchner's complaint is completely devoid of any allegations regarding that entity. The plaintiff's claims against the circuit court are frivolous.

Mr. Puchner's claims against Judge Gempeler are also without merit. The complaint does not disclose whether Mr. Puchner is suing Judge Gempeler in his individual or official capacity. To the extent that Mr. Puchner is seeking damages against Judge Gempeler, that request fails whether Judge Gempeler is sued in either capacity. The Eleventh Amendment bars suits seeking damages against state officials in their official capacity, and such officials are not "persons" for purposes of 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 969 (7th Cir.1994), cert. denied, 514 U.S. 1003, 115 S.Ct. 1313, 131 L.Ed.2d 194 (1995). Moreover, judges are absolutely immune in their personal capacity from suits for money damages which relate to their judicial acts unless they have acted in the clear absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Mr. Puchner's complaint contains no allegations which can be read as alleging that Judge Gempeler acted in the complete absence of jurisdiction. Therefore, Mr. Puchner's claims for money damages against Judge Gempeler are legally frivolous and fail to state a claim for which relief can be granted.

The portion of Mr. Puchner's complaint which seeks declaratory relief is also without merit. While declaratory relief against a judge is not barred by the existence of judicial immunity from damages, the granting of such relief is discretionary. *Hansen v. Ahlgrimm*, 520 F.2d 768, 769 (7th Cir.1975). Declaratory relief is precluded in the absence of any actionable live case or controversy. *Id.*

The court of appeals for the seventh circuit has addressed the propriety of a claim for declaratory relief in a situation similar to the one at hand. *Id.* In *Hansen*, the complaint, which was predicated expressly and exclusively upon 42 U.S.C. § 1983, charged that certain judicial actions of the defendant were taken without authorization by Wisconsin law and caused a deprivation of plaintiff's constitutional rights. *Id.* at 770. The prayer for relief sought a declaration to that extent and actual and punitive damages. The court of appeals determined that the district court correctly dismissed the claim for damages on the ground of judicial immunity and also affirmed the dismissal of the prayer for declaratory relief. *Id.* at 769–770. The court of appeals reasoned:

> [W]e are not presented with a case in which declaratory judgment will serve some purpose, such as a declaration of the unconstitutionality of certain enumerated statutes authorizing the complained of action.... Rather, from the face of the pleadings, we conclude that the declaratory relief portion of plaintiff's prayer is no more than an implicit predicate to his request for damages. Since we have previously found Judge Ahlgrimm to be immune from the damage claim asserted, we fail to ascertain any remaining case or controversy to be resolved by declaratory judgment.

*Id.* at 769–770.

In my opinion, the holding of the court of appeals in *Hansen* applies to the case at hand. Like the litigant in *Hansen*, the declaratory relief portion of Mr. Puchner's prayer for relief is nothing more than the predicate of his request for damages under 42 U.S.C. § 1983. Because Judge Gempeler is immune from the damage claim in Mr. Puchner's complaint, the declaratory judgment he seeks would serve no purpose. Having dismissed Mr. Puchner's claim for damages, I find that there is no remaining case or controversy to be resolved by declaratory judgment. Therefore, Mr. Puchner's request for declaratory relief fails to state a claim upon which relief can be granted.

Therefore, IT IS ORDERED that Mr. Puchner's petition for leave to proceed in forma pauperis be and hereby is denied.

IT IS ALSO ORDERED that this action be and hereby is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS FURTHER ORDERED that Mr. Puchner's "Emergency Motion for Restraining Order Under FRCP 65" be and hereby is dismissed, as moot.