Joseph R. HURST, Plaintiff,

v.

Raymond HEDERMAN, C. Domanski, H. Mahoney and J. Coleman, Defendants.

No. 77 C 4741.

United States District Court,
N. D. Illinois, E. D.

May 23, 1978.

Joseph R. Hurst, pro se.

William R. Quinlan, Corp. Counsel, Nicholas F. Trovato, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

CROWLEY, District Judge.

This is an action brought by a prisoner in state custody alleging a violation of his civil rights, 42 U.S.C. § 1983. In March of 1967, plaintiff was arrested and charged with the murder of a Chicago police officer. During the arrest, plaintiff charges he was beaten and rendered unconscious by defendants, four other Chicago police officers. Plaintiff was subsequently found guilty of murder and his conviction was affirmed. 42 Ill.2d 217, 247 N.E.2d 614 (1969). He has been in continuous custody since his arrest. Before the court at this time is defendants' motion to dismiss the complaint as untimely and barred by the statute of limitations.

Ordinarily, claims under the Civil Rights Act are subject to the five year statute of limitations of Chpt. 83, § 16, Ill.Rev.Stat. (1969). *Beard v. Robinson*, 563 F.2d 331 (7th Cir., 1977). However, the present case involves an extraordinary set of circumstances which require a determination of whether the statute of limitations has been tolled as a result of Hurst's incarceration.

Chpt. 83, § 22, Ill.Rev.Stat. (1976) provides in relevant part:

> If a person entitled to bring an action . . . is at the time the cause of action accrued . . . imprisoned on a criminal charge, he or she may bring the action within two years after the disability is removed.

Section 22 reflects an attitude, found in many state legislative schemes, that justice would not be served by barring an individual from vindicating his rights when he cannot by his own actions comply with the statute's time limit for bringing his suit. Gordon & Tennenbaum, *Conclusive Presumption Analysis: The Principle of Individual Opportunity*, 71 Nw.L.Rev., 579, 604 (1976). Plaintiff has been in custody since his arrest in 1967 and consequently since the alleged misconduct by defendants. This, according to plaintiff, is "imprisonment" within the meaning of § 22 and serves to toll the 5 year statute of limitations. Defendants seek to avoid this result by arguing that the tolling provision does not apply because the disability of imprisonment did not exist when the cause of action accrued but rather the disability only took place after Hurst was convicted and sentenced. In other words, defendants argue that plaintiff's confinement during the period between when the cause of action accrued and sentencing does not constitute "imprisonment on a criminal charge".

No case by the Seventh Circuit Court of Appeals has directly addressed this issue from this perspective. It is therefore a case of first impression. However, other Circuits, construing similar tolling statutes, have rejected arguments similar to the one propounded by defendants in this action. In *Austin v. Brammer*, 555 F.2d 142 (6th Cir., 1977), the Court, *per curiam*, rejected out of hand defendant's argument that because the alleged misconduct consisted of perjured testimony at trial plaintiff was not "imprisoned" when the cause of action accrued. See also, *Ney v. State of California*, 439 F.2d 1285 (9th Cir., 1971); *Still v. Nichols*, 412 F.2d 778 (1st Cir., 1969).

Any other result would work a grave injustice and would vitiate the purpose of the tolling provision. Mr. Hurst, incarcerated since the alleged violation of his civil rights, has been in no better a position to vindicate his rights than an individual who suffers a deprivation after conviction. Uninterrupted incarceration prior to conviction and continuing until the present is surely as much a "disability" as post-conviction incarceration. Were we to accept defendants' argument that § 22 applies only when a cause of action accrues after conviction, individuals who, like Mr. Hurst, suffer a violation of their rights anytime after arrest but before conviction and who are in continuous custody from the time of arrest would be effectively barred from pursuing an action. This result would be contrary to the clear intent of § 22.

Accordingly, defendants' motion to dismiss is denied.