**Milan KNOX, Plaintiff–Appellant,**

v.

**COOK COUNTY SHERIFF'S POLICE DEPARTMENT and Robert Neapolitan, Defendants–Appellees.**

**No. 88–1204.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 3, 1988 \*.

Decided Dec. 27, 1988.

As Amended Dec. 28, 1988.

court notified the parties that it had tentatively

Milan Knox, Joliet, Ill., for plaintiff-appellant.

Harold E. McKee, III, Asst. State's Atty., Chicago, Ill., for defendants-appellees.

Before CUMMINGS, RIPPLE and MANION, Circuit Judges.

PER CURIAM.

Plaintiff-appellant, Milan Knox, appeals the dismissal of his 42 U.S.C. § 1983 claim, alleging that the district court should not have held him to his own erroneous concession that his claim was time-barred by the statute of limitations. For the reasons stated below, we reverse and remand to the district court.

## I.

On October 2, 1987, Knox filed a complaint under 42 U.S.C. § 1983 against the Cook County Sheriff's Police Department and Investigator Robert Neapolitan. The complaint alleged defendants acquired a search warrant on August 30, 1982 based on hearsay evidence which lacked independent corroboration and on perjured testimony in violation of Knox's Fourth Amendment rights. That same day, Knox was arrested and subsequently convicted. He has been in prison since the time of his arrest.

Knox applied for and was granted leave to proceed in forma pauperis, but his motion for appointed counsel was denied. In denying the motion, Judge Leinenweber noted that because the legal issues involved in Knox's claim were not overly complex and the litigation still in its begin-

concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R.App. P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

ning stages, consideration of the need for counsel was premature. The order was subject to reconsideration should fundamental fairness require.

Defendants-appellees then moved to dismiss, alleging that under the applicable statute of limitations, Knox's claim was time-barred on its face. In response, Knox filed a motion titled "Motion to Show Cause Why Plaintiff Should Not Be Dismiss (sic)." In that motion, Knox stated he could not claim the benefits of the provisions tolling the limitations period because he was in custody at the time his claim accrued. His own motion concluded "it appears that his [Knox's] claim is time barred."

Based on Knox's concession, Judge Leinenweber granted defendants-appellees' motion and dismissed Knox's claim. Knox appealed to this court where the district court record was forwarded on February 3, 1988. Because Knox had been granted in forma pauperis status below, this court continued that status on appeal. However, on February 5, 1988, Judge Leinenweber issued an order holding that because Knox had conceded the statute of limitations issue, his appeal was not taken in good faith. Judge Leinenweber therefore denied Knox leave to proceed in forma pauperis, but this order was apparently not forwarded separately to this court. On our own motion, we now properly grant Knox leave to proceed in forma pauperis on this appeal.

## II.

■ It is well settled that federal courts apply the state statute of limitations for personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 275–76, 105 S.Ct. 1938, 1946–47, 85 L.Ed.2d 254 (1985). In Illinois that period is two years. Ill.Rev.Stat. ch. 110, ¶ 13–202. However, for actions accruing prior to *Wilson*, the statute of limitations is the shorter of either five years from the date the action accrued or two years from the *Wilson* decision. *Anton v. Lehpamer*, 787 F.2d 1141, 1146 (7th Cir.1986). While the statute of limitations is an affirmative defense, the burden of establishing an exception thereto is on plaintiff. *Drazan v.*

*United States*, 762 F.2d 56, 60 (7th Cir. 1985). It is also well settled that when a state statute of limitations is borrowed, that state's tolling provisions are borrowed as well. *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). In Illinois, the statute of limitations is tolled for actions accruing *while* a person is imprisoned or under other legal disability. Ill.Rev.Stat. ch. 110, ¶ 13–211 (emphasis added).

■ While the Illinois statute of limitations is tolled for actions accruing *while* a person is imprisoned, "[w]here a plaintiff is imprisoned from the date of his arrest (at which time a deprivation of civil rights occurred), he may bring a § 1983 action within two years after the disability [*i.e.*, imprisonment] is removed." *Nance v. Lane*, 663 F.Supp. 33, 35 (N.D.Ill.1987); *citing*, *Hurst v. Hederman*, 451 F.Supp. 1354, 1355 (N.D.Ill.1978). In *Hurst*, plaintiff alleged that police officers beat him unconscious when he was arrested, in violation of his civil rights. Plaintiff was incarcerated and subsequently convicted, remaining in jail continuously from the time of his initial arrest. The district court held that plaintiff's cause of action was not time-barred by the statute of limitations, stating that "uninterrupted incarceration prior to conviction is surely as much a disability as post-conviction incarceration." *Hurst*, 451 F.Supp. at 1355. *See also, Austin v. Brammer*, 555 F.2d 142, 143 (6th Cir.1977).

In opposing defendant-appellee's motion to dismiss, Knox erroneously relied on the seemingly plain language of the Illinois tolling statute and concluded that he could not claim its benefits, apparently unaware of the exception for plaintiffs imprisoned continuously from the time of their arrest. He therefore informed the court that his claim was time-barred. Finding that Knox had conceded the statute of limitations issue, the judge dismissed his § 1983 claim. However, upon execution of the search warrant, Knox was arrested and imprisoned where he has remained ever since. Under these facts, Knox's claim is deemed to have accrued while he was imprisoned. The statute of limitations is tolled during

this time, and his original complaint therefore timely filed.

 On appeal, defendants-appellees do not contend that Knox's claim is time-barred; they merely contend that he cannot now complain of errors which he induced the court to make. In this Circuit, it "is well-settled law that a party cannot complain of errors which it has committed, invited, induced the court to make, or to which it has consented." *International Travelers Cheque Co. v. Bankamerica Corp.*, 660 F.2d 215, 224 (7th Cir.1981). But this rule should not apply to a *pro se* litigant who presents an erroneous legal assumption to the court after the court has denied his request for appointed counsel. Knox's incorrect assumption should not be the basis of the trial court's decision to dismiss his claim. *See Abdul–Wadood v. Duckworth*, 860 F.2d 280, 287–88 (7th Cir. 1988) (when, in a § 1983 case, it is unlikely that the *pro se* plaintiff understands the legal significance of his statement to the court, it is error for the court to dismiss the case on the basis of that statement). Knox's opposition to defendants-appellees' motion to dismiss conceded away his entire claim, and while the litigation was not far along, it was certainly at a critical juncture as far as Knox's interests were concerned. We think his concessions should have strongly suggested to the district court that Knox, proceeding *pro se*, was unable to fairly present his own case and that he was in need of appointed counsel to properly develop his cause of action.[1] We also believe that appointed counsel would help ensure that Knox understands the significance of a § 1983 claim and the fact that it will not alter his prison sentence.

### III.

Accordingly we reverse the district court's dismissal of Knox's claim and remand for further proceedings.

---

**1.** In determining whether to appoint counsel to indigent litigants, a district court should consider 1) the merits of the indigents' claim, 2) their ability to investigate the facts, 3) their need for counsel to cross-examine on issues of credibility, 4) their ability to present their own case, and 5) the complexity of the legal issues involved. *Howland v. Kilquist*, 833 F.2d 639, 646 (7th Cir.1987); *citing, Maclin v. Freake*, 650 F.2d 885, 887–89 (7th Cir.1981).