919 F.2d 740
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Leeodis DORTCH, Plaintiff/Appellant,
v.
Thomas SHINE, Thomas Lazar and Officer McKenna, Defendants/Appellees.
 No. 89-3253.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 29, 1990.*
Decided Dec. 6, 1990.
 
 Before CUMMINGS, POSNER and FLAUM, Circuit Judge.
 
 ORDER
 
 1
 Leeodis Dortch filed a motion to proceed in forma pauperis in a civil rights action pursuant to 42 U.S.C. Sec. 1983 against three police officers. Dortch alleged that on October 17, 1979, the three officers violated his constitutional rights under the fourth and fourteenth amendments by entering his home and arresting him without a warrant, consent, or exigent circumstances.
 
 
 2
 The district court denied Dortch's request to proceed in forma pauperis and dismissed this section 1983 action, with prejudice, under 28 U.S.C. Sec. 1915(d) before the issuance of legal process. The district court found that Dortch had failed to state a claim under the federal civil rights laws and remarked that Dortch had never presented his fourth amendment claim to a state or federal court, even though this would have been an issue at trial. The district court concluded that Dortch was using the civil rights action to collaterally attack the legality of his conviction.[1] We granted Dortch's motion to proceed on appeal in forma pauperis.
 
 
 3
 We construe a pro se litigant's pleadings liberally. Woods v. Thieret, 903 F.2d 1080, 1082 (7th Cir.1990). Section 1915(d) permits a district court to dismiss a case sua sponte prior to the issuance of process if the court is satisfied that the action is frivolous or malicious. Neitzke v. Williams, --- U.S. ----, 109 S.Ct. 1827, 1831 (1989). A district court must review the face of a complaint in light of the relevant constitutional and statutory provisions and the case law interpreting those decisions. Ricketts v. Midwest National Bank, 874 F.2d 1177, 1182 (7th Cir.1989). An in forma pauperis complaint can only be dismissed as frivolous "where it lacks an arguable basis either in fact or law." Neitzke, 109 S.Ct. at 1831.
 
 
 4
 Reading Dortch's complaint as a whole, it does not appear that he is collaterally attacking the legality of his conviction. Rather, he alleges that the three police officers unlawfully searched and seized him when they entered his home without a warrant, consent, or exigent circumstances. The Illinois Appellate Court affirmed the lower court's finding that the arrest of which Dortch complains was, in fact, illegal. People v. Dortch, 109 Ill.App.3d 761, 441 N.E.2d 100, 104 (1982). Therefore, Dortch is not contesting any issue that was decided against him below upon which he must prevail to establish his civil rights claim. Haring v. Prosis, 462 U.S. 306, 323 (1983). Instead, his allegation states a colorable claim for damages under section 1983 without impugning the integrity of the state judicial system. Smith v. Springer, 859 F.2d 31, 33 (7th Cir.1988).
 
 
 5
 By noting that the alleged injury occurred ten years prior to the filing of this section 1983 action, the district court suggested that Dortch's claim was time-barred. The Supreme Court has held that the proper statute of limitations for a section 1983 claim is the state statute of limitations for personal injuries. Wilson v. Garcia, 471 U.S. 261, 280 (1985). Under Illinois law, which applies to this case, the appropriate statute of limitations is two years. Kalimara v. Illinois Dept of Corrections, 879 F.2d 276, 277 (7th Cir.1989). However, where the cause of action accrued before the Wilson decision, the statute of limitations is the shorter period of either five years from the date the action accrued or two years after Wilson. Anton v. Lehpamer, 787 F.2d 1141, 1146 (7th Cir.1986). Further, "[i]t is also well-settled that when a state's statute of limitations is borrowed, that state's tolling provisions are borrowed as well." Knox v. Cook Co. Sheriff's Police Dept., 866 F.2d 905, 907 (7th Cir.1988). Under the Illinois tolling statute, when a prisoner is incarcerated from the date that the alleged civil rights violation occurred, he may bring his section 1983 action within two years after the termination of his imprisonment. Ill.Rev.Stat. ch. 110, para. 13-211 (1988). The event upon which this section 1983 claim is based occurred on October 17, 1979. Dortch filed this suit on August 24, 1989. The complaint does not indicate whether Dortch has been incarcerated since the moment of his arrest, and, therefore, it is not clear whether the statute of limitations ran on October 17, 1984 or whether it was tolled.
 
 
 6
 Because we find that Dortch's claim has an arguable basis in law, Neitzke, 109 S.Ct. at 1831, we VACATE the district court's dismissal under section 1915(d) and REMAND to the district court for a determination of whether there is a tolling of the statute of limitations.