931 F.2d 58
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John-Tyronne MARTIN, Plaintiff-Appellant,
v.
Joan BARR, Evanston, Illinois Mayor, Joel Asprooth,
Evanston, Illinois City City Manager, Ernest
Jacobi, Evanston, Illinois Police Chief,
Defendants-Appellees.
 No. 90-2033.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 3, 1991.*
Decided April 18, 1991.
 
 Before BAUER, Chief Judge, and CUMMINGS, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Appellant John-Tyronne Martin appeals the dismissal of his civil rights action brought pursuant to 42 U.S.C. Sec. 1983. The district court found that the suit was barred because it was filed after the expiration of the applicable statute of limitations.
 
 
 2
 Judge Plunkett thoroughly analyzed most issues which Martin raises on appeal in the order dismissing the suit and a subsequent order in response to Martin's motion for reconsideration. We agree with the reasoning of the district court, adding only that the Illinois Court of Appeals has held that subsequent periods of incarceration will not further toll the statute of limitations. Hamil v. Vidal, 140 Ill.App.3d 201, 204, 488 N.E.2d 1024, 1026 (Ct.App.1986).
 
 
 3
 Martin raised one issue not discussed by the district court. Martin claims that the defendants' acts constitute aggravated kidnapping, a class one felony offense. Ill.Rev.Stat. ch. 38, p 10-2. As such he claims that there is no limitation upon the time this action may be brought. See Ill.Rev.Stat. ch. 110, p 13-202.1. This statute, however, is only applicable when bringing suit against those actually convicted of the crime. There is no evidence that any of the Evanston defendants have been convicted of aggravated kidnapping in connection with the events alleged by Martin in his complaint.
 
 
 4
 We affirm the decision for the reasons stated in the attached memorandum orders.
 
 
 5
 AFFIRMED.
 
 ATTACHMENT
 
 6
 IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
 
 DISTRICT OF ILLINOIS EASTERN DIVISION
 
 7
 JOHN-TYRONNE MARTIN, Plaintiff,
 
 
 8
 v.
 
 
 9
 JOAN BARR, Evanston Illinois Mayor, JOEL ASPROOTH, Evanston
 
 
 10
 Illinois City Manager, and ERNEST JACOBI, Evanston
 
 
 11
 Illinois Police Chief, Defendants.
 
 No. 89 C 5062
 
 12
 Dec. 21, 1989.
 
 MEMORANDUM OPINION AND ORDER
 
 13
 PLUNKETT, District Judge.
 
 
 14
 On June 27, 1989, the plaintiff, John-Tyronne Martin, filed suit against the defendants, Joan Barr, the Mayor of Evanston, Joel Asprooth, the City Manager of Evanston, and Ernest Jacobi, the Police Chief of Evanston, for alleged violations of his civil rights pursuant to 42 U.S.C. Sec. 1983. Before us today is defendants' renewed motion to dismiss the complaint because it is time barred under the appropriate statute of limitations. For the following reasons, defendants' motion to dismiss is granted.
 
 Allegations
 
 15
 Plaintiff's pro se complaint alleges, in its entirety, the following:
 
 
 16
 On or about February 26, 1987, defendant John Doe stopped plaintiff in the city of Evanston, Illinois, while plaintiff was going lawfully about his business and searched, handcuffed and placed plaintiff in a Evanston police car and drove plaintiff to the Evanston jail. Plaintiff was finderprinted [sic], photographed and placed in a cell for about fourteen (14) hours then released. Upon request to know what plaintiff was charged with plaintiff was told that he was not charged with anything. Upon numerous and various occasions plaintiff asked to contact an attorney and each request was refused and each request to make a phone call was refused. Plaintiff committed no crime and no crime was reported as having been committed by plaintiff. The defendants individually and collectively have a policy of arresting citizens of African ancestry without probable cause and this illegal policy is undertaken and executed under the direct supervision and with the support and legal authority of the offices of defendants Barr, Asprooth, Jacobi and under the authority of defendant John Doe as a Evanston policeman.
 
 Discussion
 
 17
 Defendants have moved to dismiss on the grounds that plaintiff's complaint is time barred because it was filed after the appropriate statute of limitations had run. It is well settled that for Sec. 1983 actions the most analogous statute of limitations (and the one to be applied) is the individual state's personal injury statute of limitations. See Wilson v. Garcia, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47 (1985). In Illinois, the statute of limitations for personal injury action is two years. Ill.Rev.Stat. ch. 110, Sec. 13-202 (1985). Plaintiff's injury accrued on February 26, 1987. Plaintiff filed suit on June 23, 1989, more than two years after the date the cause of action accrued. Therefore, unless plaintiff is entitled to a tolling of the limitations period, his cause of action is time barred and his complaint must be dismissed.
 
 
 18
 Plaintiff claims he is entitled to tolling because he has been "continuously" imprisoned since the time his cause of action accrued. The facts do not quite bear out plaintiff's claim. Plaintiff was imprisoned for fourteen hours on February 26-27, 1987. As plaintiff alleges in his complaint, he was then released from custody without being charged with the commission of any crime. Subsequently, plaintiff was imprisoned in April, 1987, based on events unrelated to those alleged in the complaint. Plaintiff has been continuously imprisoned from April 1987 until the present.
 
 
 19
 When a state statute of limitations is borrowed, that state's tolling provisions are borrowed as well. Board of Regents v. Tomanio, 446 U.S. 478, 100 S.Ct. 1790 (1980). In Illinois, the statute of limitations is tolled for actions accruing while a person is imprisoned or under other legal disability. Section 13-211 of the Illinois Code of Civil Procedure provides, in pertinent part:
 
 
 20
 If a person entitled to bring an action ... at the time the cause of action accrued ... is imprisoned on a criminal charge ... then he or she may bring the action within two years after ... the person ceases to be imprisoned.
 
 
 21
 Plaintiff argues that Sec. 13-211 applies to him because he was "imprisoned" at the time his cause of action accrued on February 26, 1987. However, the courts of this Circuit have applied Sec. 13-211 to apply to individuals who have been continuously imprisoned from the time the cause of action accrued until some later time. See Knox v. Cook County Sheriff's Police Dept., 866 F.2d 905, 907 (7th Cir.1988); Hurst v. Hederman, 451 F.Supp. 1354, 1355 (N.D.Ill.1978); The tolling provision reflects an attitude that justice would not be served by barring an individual from vindicating his rights when he cannot by his own actions comply with the statute's time limit from bringing his suit. Hurst, 451 F.Supp. at 1354. While the Illinois statute of limitations is tolled for actions accruing while a person is imprisoned, "[w]here a plaintiff is imprisoned from the date of his arrest (at which time a deprivation of civil rights occurred), he may bring a Sec. 1983 action within two years after the disability [i.e., imprisonment] is removed." Nance v. Lane, 663 F.Supp. 33, 35 (N.D.Ill.1987).
 
 
 22
 Under the terms and interpretations of Sec. 13-211, plaintiff's disability of imprisonment ended on February 27, 1987, the day he was released from custody in Evanston. It is from that time that plaintiff had two years to file suit on any Sec. 1983 claims. Plaintiff did not file suit until after two years from that date, and his cause of action is now time barred. The fact that plaintiff was subsequently arrested (in April, 1987) for some other (unrelated) offense does not change this result. The tolling provisions in Sec. 13-211 are not invoked by subsequent imprisonments, but by its terms only imprisonment "at the time the cause of action accrued." Therefore the maximum period of time that the statute of limitations can be tolled in this case is the one day that he was imprisoned on the charges which form the basis of his complaint. One day's worth of tolling does not effect the result in this case. Plaintiff's complaint is time barred.
 
 Conclusion
 
 23
 For the above reasons, defendants' renewed motion to dismiss the complaint is granted.
 
 
 24
 April 4, 1990.
 
 ORDER
 
 25
 Plaintiff's motion to reconsider our Memorandum Opinion and Order of December 20, 1989, is denied. Plaintiff was subsequently jailed by Chicago police officers, not by any defendant or by any police officer of defendant City of Evanston. All of plaintiff's cases regarding equitable estoppel concern situations where the defendant's conduct or representations caused plaintiff's failure to discover and/or act upon his injury. That is simply not the case here. No defendant had anything to do with the subsequent jailing of plaintiff, and thus no estoppel works against any defendant.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs