23 F.3d 410
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 David J. SMITH, Plaintiff-Appellant,
v.
Bronson LAFOLLETTE, et al., Defendants-Appellees.
 No. 93-2639.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 15, 1994.*
Decided April 20, 1994.
 
 Before CUDAHY, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 This civil rights action arose out of the criminal prosecution of David J. Smith, a former Wisconsin attorney who was charged and convicted in Oneida County Circuit Court of the felonies of theft by fraud and false swearing. The complaint alleged that the defendants conspired to deprive Smith of his civil rights by initiating criminal proceedings against him to protect the financial interests of a bank and its customers. The district court dismissed the complaint pursuant to Fed.R.Civ.P. 12(b)(6), and Smith appealed.
 
 
 2
 We agree with the district court that Smith's Sec. 1983 claims accrued no later than the date of his conviction, Cline v. Brusett, 661 F.2d 108, 110 (9th Cir.1981), and not when the consequences of that conviction (loss of his professional license and imprisonment) were felt,[2] see, e.g., Kelly v. City of Chicago, 4 F.3d 509, 512 (7th Cir.1993) (Sec. 1983 action based on revocation of liquor license; the date of the alleged constitutional violation is the date of accrual, not the date on which the consequences of that violation become painful); cf. Delaware State College v. Ricks, 449 U.S. 250, 258 (1980) (statute of limitations for Sec. 1981 and Title VII claim accrued when the tenure decision was made and communicated, not when the plaintiff was eventually fired), so Wisconsin's six-year statute of limitations period barred relief against Attorney General Bronson LaFollette and his employee, Walter Gayan, Assistant Attorney Generals Matthew Frank and Jeffrey Gabrysiak, and M & I Bank,[3] see Gray v. Lacke, 885 F.2d 399, 407-09 (7th Cir.1989) (Sec. 1983 claims arising in Wisconsin are governed by six-year personal rights statute rather than three-year statute covering "injuries to the person"), cert. denied, 494 U.S. 1029 (1990); Farrell v. McDonough, 966 F.2d 279, 282 (7th Cir.1992) (reaffirming Gray ), cert. denied, 113 S.Ct. 1059 (1993); the state public defender did not act under color of state law, Polk County v. Dodson, 454 U.S. 312, 325 (1981); attorney Schroeder and the law firm of Herrling, Myse, Swain & Dyer, Ltd. remained private actors,[4] see, e.g., French v. Corrigan, 432 F.2d 1211, 1214-15 (7th Cir.1970) (lawyers in private practice do not act under color of state law for purposes of 42 U.S.C. Sec. 1983), cert. denied, 401 U.S. 915 (1971); and the $3,000 sanction against Smith was imposed under Fed.R.Civ.P. 11, not 42 U.S.C. Sec. 1988, so Kay v. Ehrler, 499 U.S. 432 (1991), is irrelevant.
 
 
 3
 Accordingly, we affirm the dismissal of Smith's complaint for the reasons stated by the district court in the attached Opinions and Orders.[5] Acting pursuant to 28 U.S.C. Sec. 2106, we modify the judgment to reflect that the dismissal of the state legal malpractice claim against Herrling, Myse, Swain & Dyer, Ltd. is without prejudice. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726-27 (1966).
 
 
 4
 AFFIRMED AS MODIFIED.
 
 ATTACHMENT
 In the United States District Court
 
 5
 for the Western District of Wisconsin
 
 
 6
 David J. Smith, Plaintiff,
 
 
 7
 v.
 
 
 8
 Bronson, Lafollette, Matthew J. Frank, Jeffrey M. Gabrysiak,
 
 
 9
 Walter C. Gayan, James W. Karch, Herrling, Myse, Swain &
 
 
 10
 Dyer, Ltd., William Schroeder, State Public Defender and M &
 
 
 11
 I Bank,[1] Defendants.
 
 March 19, 1993
 OPINION AND ORDER
 92-C-0654-C
 
 12
 CRABB, Chief Judge.
 
 
 13
 This is a civil action for monetary relief brought pursuant to 28 U.S.C. Secs. 1983 and 1988. Plaintiff contends that defendants violated his Fifth, Sixth, Ninth and Fourteenth Amendment rights when they engaged in wrongful conduct immediately prior to and during his criminal trial. Before the court are three separate motions to dismiss brought by (1) defendants LaFollette, Frank, Gabrysiak, Gayan and the state public defender; (2) defendant Schroeder; and (3) defendant Herrling, Myse, Swain & Dyer, Ltd.
 
 
 14
 I conclude that the motion to dismiss by defendants LaFollette, Frank, Gabrysiak and Gayan must be granted because plaintiff's claims against defendants are barred by the statute of limitations. The motion to dismiss by the state public defender will be granted because the state public defender is absolutely immune from suit in his individual capacity and immune from suit in his official capacity under the Eleventh Amendment. Finally, the motions to dismiss by defendants Schroeder and Herrling, Myse, Swain & Dyer, Ltd. will be granted because plaintiff has failed to show that these defendants were acting under color of state law or were involved in a conspiracy with state actors.[2]
 
 
 15
 In considering a motion to dismiss, the court must accept as true all well-pleaded factual allegations in the complaint, drawing all reasonable inferences in favor of the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 72 (1984); Yeksigian v. Nappi, 900 F.2d 101, 102 (7th Cir.1990). The court may dismiss a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) only if " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Strauss v. City of Chicago, 760 F.2d 765, 767 (7th Cir.1985) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Although all reasonable inferences are to be drawn in favor of the plaintiff, the complaint must set forth factual allegations sufficient to establish the elements that are crucial to recovery under plaintiff's claim. Sutliff, Inc. v. Donovan Cos., 727 F.2d 648, 654 (7th Cir.1984). Legal conclusions without factual support are not sufficient. Benson v. Cady, 761 F.2d 335, 338 (7th Cir.1985).
 
 
 16
 In deciding the motion to dismiss, I must take as true all of the well-pleaded allegations of the complaint. For that purpose only, I accept as true the following allegations of fact made by plaintiff in his complaint.
 
 ALLEGATIONS OF FACT
 
 17
 Plaintiff David J. Smith is a resident of Winnebago County, Wisconsin. At all times relevant to this complaint, defendant Bronson LaFollette was the elected Attorney General of the State of Wisconsin and was acting in his individual and official capacity. Defendants Matthew J. Frank and Jeffrey Gabrysiak were Assistant Attorneys General of the State of Wisconsin and were acting in their individual and official capacities. Defendant Walter C. Gayan was an employee of the Department of Justice and was acting also in his individual and official capacity. Defendant LaFollette failed to properly supervise, train and discipline defendants Matthew J. Frank, Jeffrey Gabrysiak, and Walter Gayan.
 
 
 18
 Defendant James W. Karch was an acting Circuit Judge for Oneida County and was acting in his individual and official capacity. Defendant State of Wisconsin Public Defender is organized pursuant to Wis.Stat. Ch. 977 for the purpose of providing legal counsel for indigent criminal defendants. Defendant Herrling, Myse, Swain, & Dyer, Ltd., is a law firm engaged in the practice of law in the State of Wisconsin. Defendant William Schroeder is an attorney engaged in the practice of law in the State of Wisconsin. Defendant M & I Bank is a state bank with an office and place of business in Eagle River, Wisconsin, and during the time relevant to this complaint was doing business as Eagle River State Bank.
 
 
 19
 On or about December 13, 1983, in response to a request by Wisconsin Senate Majority Leader Timothy Cullen, defendant LaFollette assigned defendant Frank to investigate and to bring criminal charges against plaintiff in Oneida County. Cullen's contact with defendant LaFollette was made at the request of William Rodd, President of the Eagle River State Bank, now doing business as M & I Bank. William Rodd made use of his political connections through Cullen for the purpose of protecting the financial interests of the bank and its customers.
 
 
 20
 On August 20, 1984, defendant Gayan signed a criminal complaint alleging that plaintiff had committed three felonies in Oneida County. Defendant Gayan knew or with reasonable inquiry should have known that he was an actor in an illegal and unlawful activity designed to protect the financial interests of defendant M & I Bank.
 
 
 21
 Defendant Schroeder acted as one of the attorneys for the heirs of the Estate of Carl O. Marty in civil litigation in which plaintiff was a defendant. Defendant Schroeder was intimately associated with defendant Gayan and became an integral part of the investigation that resulted in the unlawful proceedings against plaintiff.
 
 
 22
 On August 20, 1984, defendants Frank and Gabrysiak acted without authority but under color of state law in approving a criminal complaint for filing and, on August 21, 1984, causing it to be filed in Oneida County Circuit Court. On August 20, 1984, John Hogan was the District Attorney for Oneida County. No lawful proceeding before any court had invested defendants Frank and Gabrysiak with any prosecutorial authority. Defendants LaFollette, Frank, Gabrysiak and Gayan were acting under color of state law but outside the scope of their authority in that the office of the Attorney General is without authority to commence criminal actions in the circuit courts in the absence of a request from the governor or the legislature. In response to plaintiff's challenge to the lack of prosecutorial authority, defendants engaged in a deliberate campaign of lies, deception and coverage to make it appear to the trial judge, defendant Karch, that they were acting in accordance with law.
 
 
 23
 At numerous times during the proceedings against plaintiff, defendant Karch stated that he was concerned about the lack of jurisdiction of the court over the case. However, he proceeded without a determination that he had jurisdiction and compelled plaintiff to defend the unlawful proceeding that had been commenced by imposters to the office of the district attorney. Defendants Frank and Gabrysiak were imposters to the office of the District Attorney in Oneida County causing the court to be without jurisdiction or competence.
 
 
 24
 Plaintiff retained defendant Herrling, Myse, Swain & Dyer, Ltd., to represent him in the proceedings brought against him. Defendant Herrling, Myse, Swain & Dyer, Ltd. appeared as counsel for plaintiff at the initial appearance on August 26, 1984 and thereafter until withdrawing without a hearing in December 1985, after engaging in ex parte communications with defendant Karch. Plaintiff was tried and convicted. He appealed his conviction. The appeal was denied by the Wisconsin court of appeals as untimely.
 
 
 25
 If defendant Herrling, Myse, Swain & Dyer, Ltd. had brought a motion challenging the lack of jurisdiction to try plaintiff caused by the lack of a lawful prosecutor, the criminal action would have been dismissed. The negligence of the defendant law firm and its ex parte acts in concert with defendant Karch deprived plaintiff of his right to effective assistance of counsel and resulted in his being subjected to a criminal trial that led ultimately to his imprisonment and the loss of his license to practice law.
 
 
 26
 The trial against plaintiff was commenced on April 21, 1986. Plaintiff was without counsel and requested the court's assistance in obtaining counsel. The trial judge, defendant Karch, advised plaintiff to contact the office for the public defender in Rhinelander. Plaintiff contacted the public defender's office. Defendant Frank stated in court that if plaintiff was found to be entitled to court-appointed counsel, it would be his position that the trial be postponed to afford appointed counsel time to prepare a defense for plaintiff. The Rhinelander office of the State Public Defender sent staff attorney James Jacoby to meet with plaintiff at the courthouse. Jacoby interviewed plaintiff and found plaintiff indigent and eligible for the services of the public defender.
 
 
 27
 William Rodd, president of M & I Bank, was present in the courtroom. Rodd was familiar with plaintiff's banking relationship with his bank, having personally handled plaintiff's accounts.
 
 
 28
 Jacoby advised the court that plaintiff had qualified for court-appointed counsel and requested a continuance of the trial until the public defender had assigned an attorney to plaintiff's case. Defendant Frank objected to any continuance, stating that he had changed his position after just receiving information to the effect that plaintiff had recently obtained money to retain an attorney as a result of a bank loan. The information as presented to the court was obtained from Rodd and was false and had the ultimate effect of depriving plaintiff of his right to counsel as protected by the Sixth Amendment.
 
 
 29
 Defendant Karch advised Jacoby that he could remain or leave as he wished. Defendant Karch called the jury to the courtroom, whereupon Jacoby left. Neither Jacoby nor any other attorney from the office of the public defender appeared at plaintiff's trial, and plaintiff was forced to proceed without the benefit of counsel.
 
 Additional Facts from the Record
 
 30
 I find that plaintiff was admitted to the Wisconsin prison system at Dodge Correctional Institution on October 19, 1988. Plaintiff was released on parole on August 30, 1990. Plaintiff filed this action on August 31, 1992.
 
 OPINION
 
 31
 A. Defendants LaFollette, Frank, Gabrysiak and Gayan
 
 1. Prosecutorial immunity
 
 32
 Plaintiff asserts that defendants LaFollette, Frank, Gabrysiak and Gayan acted unlawfully in connection with their investigation and prosecution of his criminal case.[3] Plaintiff has named these defendants in both their individual and official capacities. To the extent that plaintiff is asserting damage claims against defendants in their official capacities, his lawsuit is an action against the state and is barred by the Eleventh Amendment. Shockley v. Jones, 823 F.2d 1068, 1070 (7th Cir.1987) ("A suit for damages against a state official in his or her official capacity is a suit against the state for Eleventh Amendment purposes"). The Eleventh Amendment bars actions for monetary damages against a state, state agency or state official. Scott v. O'Grady, 975 F.2d 366, 369 (7th Cir.1992). Generally, state officials acting in their official capacity are not considered "persons" under Sec. 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Plaintiff cannot bring a Sec. 1983 action against these defendants in their official capacities.
 
 
 33
 Defendants assert that they are also immune from claims against them in their individual capacities. When initiating a prosecution and presenting a state's case, prosecutors are absolutely immune from civil actions for damages under Sec. 1983 for acts within the scope of their prosecutorial duties that result in allegedly unlawful imprisonments or arrests. Imber v. Pachtman, 424 U.S. 409, 431 (1976); Daniels v. Kieser, 586 F.2d 64 (7th Cir.1978), cert. denied, 441 U.S. 931 (1979). Unless "a prosecutor proceeds in the clear absence of all jurisdiction, absolute immunity exists for those prosecutorial activities intimately associated with the judicial phase of the criminal process." Barr v. Abrams, 810 F.2d 358, 361 (2d Cir.1987). Plaintiff alleges that defendants acted as imposters of the district attorney's office because as members of the attorney general's office they lacked the jurisdiction to prosecute his case. The relevant Wisconsin statute provides that the Attorney General of Wisconsin may:
 
 
 34
 (1) ... if requested by the governor or either house of the legislature, appear for and represent the state, any state department, agency, official, employe or agent, whether required to appear as a party or witness in any civil or criminal matter, and prosecute or defend in any court or before any officer, any cause or matter, civil or criminal, in which the state or the people of this state may be interested.
 
 
 35
 Wis.Stat. Sec. 165.25(1). Ordinarily, it is "the duty of the district attorney to prosecute all criminal actions in the courts of his county." State v. Coffey, 18 Wis.2d 529, 538, 118 N.W.2d 939, 944 (1963). No statute gives the attorney general the power to appear and prosecute criminal actions generally except in the supreme court or when requested by the governor or the legislature. Id. at 944-45. The attorney general " 'is devoid of the inherent power to initiate and prosecute litigation intended to protect or promote the interests of the state or its citizens and cannot act for the state as parens patriae.' " State v. Wisconsin Tel. Co., 91 Wis.2d 702, 710, 284 N.W.2d 41, 44 (1979) (quoting In Estate of Sharp, 63 Wis.2d 254, 260-61, 217 N.W.2d 258, 262 (1974)). From the present record I cannot determine whether defendants' actions were taken pursuant to a request from a house of the legislature. The allegation in plaintiff's complaint that the Wisconsin Senate Majority Leader requested defendant LaFollette to file an action does not constitute a request from the legislature itself. There is no suggestion that defendants were acting pursuant to an order or request by the governor. The allegations in the complaint suggest that defendants were acting in the absence of jurisdiction and thus would not be absolutely immune from personal liability for their actions as prosecutors.
 
 2. Statute of Limitations
 
 36
 Although it appears that defendants are not protected by absolute immunity, the claim against them is barred by the statute of limitations. The statute of limitations for Sec. 1983 claims is determined by state statutes of limitations for personal injury cases. See, e.g., Wilson v. Garcia, 471 U.S. 261, 268-71 (1985); Knox v. Cook County Sheriff's Police Dep't, 866 F.2d 905, 907 (7th Cir.1988); Bianchi v. Bellingham Police Dep't, 909 F.2d 1316, 1317 (9th Cir.1990). In Wisconsin the applicable statute of limitations is six years. Wis.Stat. Sec. 893.53. Section 893.53 states:
 
 
 37
 An action to recover damages for an injury to the character or rights of another, not arising on contract, shall be commenced within 6 years after the cause of action accrues, except where a different period is expressly prescribed, or be barred.
 
 
 38
 However, the statute of limitations is tolled under Wis.Stat. Sec. 893.16(1) for actions accruing while a person is imprisoned or under another legal disability. Section 893.16(1) states:
 
 
 39
 If a person entitled to bring an action is, at the time the cause of action accrues, ... imprisoned on a criminal charge the action may be commenced within 2 years after the disability ceases ...
 
 
 40
 Plaintiff asserts that the tolling provision is applicable here because he was imprisoned as a result of his criminal conviction. However, Sec. 893.16(3) applies only when the cause of action accrues while the person is imprisoned. Subsection (3) of Wis.Stat. Sec. 893.16(3) provides that "[a] disability does not exist, for the purpose of this section, unless it existed when the cause of action accrues." Although state law determines the period of limitations, federal law determines when a cause of action accrues. Briley v. California, 564 F.2d 849 (9th Cir.1977). Under federal law a cause of action accrues generally when a plaintiff knows or has reason to know of the injury that is the basis of the action. Lavellee v. Listi, 611 F.2d 1129 (5th Cir.1980). In this case, plaintiff knew or had reason to know of his injury on the date he was convicted.
 
 
 41
 In a case based on similar facts, Cline v. Brusett, 661 F.2d 108 (9th Cir.1981), the plaintiff asserted that 65 defendants including the attorney general, many of his assistants and investigators, several county attorneys, sheriffs and judges, conspired to have him convicted of groundless charges stemming from two prosecutions and denied him a fair trial. The court held that the plaintiff could not invoke the Montana statute that tolls the statute of limitations while a person is in prison because he was not under the legal disability of imprisonment when his cause of actions arose. Id. at 110. The cause of action accrued no later than the date the plaintiff was found guilty. Id. This case is the same: plaintiff was not imprisoned when his cause of action arose.
 
 
 42
 Generally, "[a]ctual, uninterrupted incarceration is the touchstone for determining disability by incarceration." Bianchi, 909 F.2d at 1318; see also Hurst v. Hederman, 451 F.Supp. 1354, 1355 (N.D.Ill.1987). However, plaintiff was not incarcerated continuously from the time he was charged. This case differs from Knox v. Cook County Sheriff's Police Dep't, 866 F.2d at 907, in which the Seventh Circuit held that " 'where a plaintiff is imprisoned from the date of his arrest (at which time a deprivation of civil rights occurred), he may bring a Sec. 1983 action within two years after the disability [i.e., imprisonment] is removed.' " (quoting Nance v. Lane, 663 F.Supp. 33, 35 (N.D.Ill.1978)). In Knox, plaintiff brought a Sec. 1983 claim against investigating officers for execution of a wrongfully obtained search warrant. Plaintiff was arrested on the same day and later convicted. The court held that his cause of action accrued at the time of arrest and that the statute of limitations was tolled during his imprisonment because he remained imprisoned. Nothing in the record of this case indicates that plaintiff was imprisoned at the time of his arrest or at any point prior to his sentencing.
 
 
 43
 Defendants assert that the allegations against them accrued either on August 21, 1984, the date of the filing of the criminal complaint, or at the latest in April 1986 when plaintiff was convicted. Plaintiff was not imprisoned on either of these dates. If the complaint is construed in the light most favorable to plaintiff, the six year statute of limitations would have run by April 1992. However, plaintiff did not file this action until August 31, 1992, more that four months after the expiration of the time for filing. Disabilities incurred after the cause of action accrues do not toll the statute of limitations; plaintiff's imprisonment did not toll the statute of limitations with respect to claims accruing before imprisonment. The running of the statute of limitations extinguishes both the right and the remedy. Ginkowski v. Ginkowski, 28 Wis.2d 530, 536, 137 N.W.2d 403, 406 (1965). The motion to dismiss of defendants Gayan, LaFollette, Frank and Gabrysiak will be granted.
 
 B. Defendant Public Defender
 
 44
 Plaintiff's claim against the state public defender is barred on Eleventh Amendment grounds. The public defender is a state agency and is thus immune from suit under the Eleventh Amendment. See, e.g., Scott, 975 F.2d at 370. Plaintiff also would be unsuccessful if he attempted to bring a Sec. 1983 action against a member of the state public defender's office in his or her individual capacity. A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in a state criminal proceeding. Polk County v. Dodson, 454 U.S. 312, 325 (1981). However, the Supreme Court has held that public defenders act under color of state law and have no immunity from Sec. 1983 liability for intentional misconduct where they engage in a conspiracy with state officials that deprives the defenders' clients of their federal rights. Tower v. Glover, 467 U.S. 914, 920-21 (1984). In this case, plaintiff is bringing a claim against the state public defender for failure to represent him adequately in his criminal proceedings. The claim addresses a lawyer's traditional functions, rather than actions taken under color of state law and does not come within the ambit of Sec. 1983. Plaintiff has failed to allege facts showing that defendant state public defender engaged in intentional misconduct by conspiring with state officials to deny plaintiff his rights.
 
 C. Defendant Schroeder
 
 45
 The only allegations made by plaintiff against defendant Schroeder are that (1) defendant Schroeder acted as one of the attorneys in a civil action in which plaintiff was a defendant and (2) defendant Schroeder was associated intimately with defendant Gayan and became part of the investigation that resulted in the unlawful proceedings against plaintiff. Neither of these allegations is sufficient to state a cause of action against defendant Schroeder. In order to bring a Sec. 1983 claim against an individual, the plaintiff must allege that the defendant deprived the plaintiff of a right secured by the Constitution or laws of the United States while the defendant was acting under color of state law. See, e.g., Donald v. Polk County, 836 F.2d 376, 379 (7th Cir.1988). Plaintiff has no right secured by the Constitution or laws to control the actions of a private attorney acting in a civil case in which he is a defendant. Plaintiff has failed to show that defendant Schroeder deprived him of any rights secured by the Constitution and laws of the United States.
 
 
 46
 However, private parties "have been found subject to liability under Sec. 1983 when engaged in a conspiracy with one or more parties acting under the color of state law." Moore v. Marketplace Restaurant, Inc., 754 F.2d 1336, 1352 (7th Cir.1985); Dennis v. Sparks, 449 U.S. 24, 27-28 (1980) (an otherwise private person acts "under color of" state law when engaged in a conspiracy with state officials to deprive another of federal rights). Plaintiff may be attempting to argue that defendant Schroeder was involved in a conspiracy with state actors. To establish a claim of civil conspiracy, plaintiff must show "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties 'to inflict a wrong against or injury upon another,' and 'an overt act that results in damage.' " Hampton v. Hanrahan, 600 F.2d 600, 621 (7th Cir.1979), rev'd in part on other grounds, 446 U.S. 754 (1980).
 
 
 47
 Plaintiff has failed to allege any facts to suggest that defendant Schroeder was a "willful participant in joint action with the State or its agents." Dennis, 449 U.S. at 27; Malak v. Associated Physicians, Inc., 784 F.2d 277, 281 (7th Cir.1986) (a private defendant acts under color of state law for purposes of Sec. 1983 when he is a willful participant in joint action with the state or its agent). In order to "establish a conspiracy, the plaintiff must demonstrate that the state officials and the private party somehow reached an understanding to deny [plaintiff his] constitutional rights." Moore, 754 F.2d at 1352. Mere assertions that defendant Schroeder became an integral part of the investigation is not enough to show state action. A complaint does not allege a conspiracy when it contains "vague and conclusionary allegations ... without showing any 'overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy.' " Hansen v. Ahlgrimm, 520 F.2d 768, 770 (7th Cir.1975) (quoting Dieu v. Norton, 411 F.2d 761, 763 (1969)). In this case, the allegations are not specific enough to support a finding of conspiracy. Although all reasonable inferences are to be drawn in favor of the plaintiff, the complaint must set forth factual allegations sufficient to establish the elements that are crucial to recovery under plaintiff's claim. Sutliff, 727 F.2d at 654. Legal conclusions without factual support are not sufficient. Benson, 761 F.2d at 338. I conclude that plaintiff's allegations fail to make out a claim of a concerted effort, plan or agreement between defendant Schroeder and the state actors.
 
 
 48
 Claims of conspiracies to effect deprivations of civil or constitutional rights may also be brought in federal court under 42 U.S.C. Sec. 1985(3). Section 1985(3) requires proof of a racial or otherwise class-based discriminatory animus behind the conspirators' actions. Griffin v. Breckenridge, 403 U.S. 88 (1971); Munson v. Friske, 754 F.2d 683, 694 (7th Cir.1985). Plaintiff must show that one or more of the conspirators acted in furtherance of the conspiracy to injure him and deprive him of having and exercising a privilege or right of a United States citizen. Lac du Flambeau Indians v. Stop Treaty Abuse, 759 F.Supp. 1339, 1351 (W.D.Wis.1991) (citing Griffin, 403 U.S. at 102-03). Section 1985 does not create independent rights. Instead, plaintiff must locate a right secured independently by state or federal law and then show that the alleged conspiracy worked to deprive him of that right. Carpenters v. Scott, 463 U.S. 825, 833 (1983); Stevens v. Tillman, 855 F.2d 394, 403-04 (7th Cir.1988), cert. denied, 489 U.S. 1065 (1989). Plaintiff has failed to show such a right. He does not allege that he is a member of a discrete and insular class. He does not fall into a class "based on race, ethnic origin, sex, religion and political loyalty that have previously been recognized as possibly supporting a Section 1985(3) claim." D'Amato v. Wisconsin Gas Co., 760 F.2d 1474, 1486 (7th Cir.1985).
 
 
 49
 D. Herrling, Myse, Swain & Dyer, Ltd.
 
 
 50
 Plaintiff has failed to state a claim under Sec. 1983 against defendant Herrling, Myse, Swain & Dyer. He has failed to satisfy the requirement under Sec. 1983 that the defendants must be acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). There are no allegations that the defendant law firm was a state actor or that it conspired with state actors to deprive plaintiff of protected rights. A private attorney is not acting under the color of state law for Sec. 1983 purposes See, e.g., French v. Corrigan, 432 F.2d 1211, 1214-15 (7th Cir.1970), cert. denied, 401 U.S. 915 (1971). Also, plaintiff has not identified a violation of a constitutional right. The only claim asserted against defendant Herrling appears to be a state legal malpractice claim, which is not actionable under Sec. 1983. Finally, plaintiff has not alleged facts sufficient to demonstrate that defendant Herrling was engaged in a conspiracy with state actors. Plaintiff has not alleged that defendant Herrling and any of the state actors reached an agreement or an understanding to deny plaintiff his constitutional rights. Moore, 754 F.2d at 1352. The only allegation suggesting conspiracy is the assertion that defendant Herrling had ex parte contacts with defendant Karch. This allegation does not meet the requisite specificity to establish a conspiracy. Plaintiff has failed to allege any concrete facts or to include any "overt acts reasonably related to the promotion of the alleged conspiracy." Kunik v. Racine County, 946 F.2d 1574, 1580 (7th Cir.1991). Defendant Herrling, Myse, Swain & Dyer's motion to dismiss will be granted.
 
 ORDER
 IT IS ORDERED that:
 
 51
 (1) Defendant James W. Karch is dismissed from the case without prejudice on the court's own motion;
 
 
 52
 (2) the motion to dismiss by defendants Bronson LaFollette, Matthew J. Frank, Jeffrey M. Gabrysiak, Walter C. Gayan and the state public defender is GRANTED;
 
 
 53
 (3) the motion to dismiss by defendant William Schroeder is GRANTED;
 
 
 54
 (4) the motion to dismiss by defendant Herrling, Myse, Swain & Dyer, Ltd. is GRANTED; and
 
 
 55
 (5) plaintiff may have until April 4, 1993 in which to file and serve objections to defendant Schroeder's request for attorney's fees. Defendant Schroeder may have until April 19, 1993 in which to file and serve his reply.
 
 
 56
 Entered this 18th day of March, 1993.
 
 
 57
 This civil action is before the court on the motion to dismiss of the one remaining defendant, M & I Bank, and on the motion of William Schroeder for attorney's fees. In an earlier order I dismissed the complaint against all of the defendants except M & I Bank on various grounds. M & I contends that it too should be dismissed from the lawsuit on one of three grounds: 1) plaintiff's claim is barred by the statute of limitations; 2) the complaint fails to state a cause of action; and 3) plaintiff is estopped from bringing the claim. Because I conclude that the statute of limitations bars the claim, I do not need to address the other two grounds asserted by M & I.
 
 
 58
 For the purpose of deciding the motion to dismiss, I find that a fair reading of the complaint reveals the following relevant allegations of fact.
 
 FACTS
 
 59
 At all material times, M & I Bank was a state bank with an office and place of business in Eagle River, Wisconsin, doing business as Eagle River State Bank. Sometime before December 13, 1983, William Rodd, president of Eagle River State Bank, asked Timothy Cullen, Wisconsin Senate Majority Leader, to speak to Attorney General Bronson La Follette about investigating plaintiff. La Follette agreed to the investigation and assigned Assistant Attorney General Matthew Frank to the task. Rodd acted as an agent of defendant M & I Bank and made use of his political connections for the purpose of protecting the financial interests of the bank and its customers and without regard for the constitutional rights of plaintiff.
 
 
 60
 On August 24, 1984, Walter Gayan, an employee of La Follette, signed a criminal complaint alleging that plaintiff had committed three felonies. Gayan knew or should have known that he was an actor in an illegal and unlawful activity designed to protect the financial interests of defendant M & I Bank.
 
 
 61
 Plaintiff went to trial on April 21, 1986. He asked for court appointed counsel and the trial judge advised him to talk to the public defender. The public defender found plaintiff eligible for court-appointed counsel, but defendant Frank objected to the finding, stating that he had learned that plaintiff had taken out a bank loan to retain counsel. William Rodd was present in the courtroom and was familiar with plaintiff's banking relationship with the Eagle River State Bank. Frank's information was false and deprived plaintiff of his constitutional right to counsel.
 
 ADDITIONAL FACTS
 
 62
 To make the record complete, I take judicial notice from the record in Smith v. Doyle, No. 89-C-932-C (W.D.Wis.), that in April 1986, defendant was found guilty of the three felonies with which he was charged and was sentenced to a term of imprisonment. His appeals from his conviction were denied and his petition for a writ of habeas corpus was denied in an order entered December 22, 1992. Plaintiff was in the custody of the Wisconsin Division of Corrections from October 19, 1988 until he was released on parole on August 30, 1990. He filed this action on August 31, 1992.
 
 OPINION
 
 63
 Plaintiff raises a threshold issue that must be addressed before reaching the merits of defendant M & I's motion. He contends that the motion to dismiss is untimely because it was not filed until after this defendant had filed an answer, and he urges that the motion be treated as one for summary judgment. Technically, plaintiff's reading of Fed.R.Civ.P. 12(b) is correct: the motion to dismiss is supposed to precede any pleading. However, courts have allowed such motions to be brought after the answer has been filed, particularly where, as here, resolution of the motion will determine whether the lawsuit goes forward. In any event, under Rule 12(d), defenses specifically enumerated in Rule 12(b) may be determined before trial whether they are raised by motion or by pleading.
 
 
 64
 As I noted in the opinion entered herein on March 18, 1993, the statute of limitations applicable to Sec. 1983 claims such as plaintiff's is six years in the state of Wisconsin. Wis.Stat. Sec. 893.53. Although the statute is tolled for actions accruing while a person is imprisoned, Wis.Stat. Sec. 893.16(1), plaintiff cannot avail himself of the tolling provision because his cause of action did not accrue while he was imprisoned. Instead, it accrued when he knew or had reason to know of the injury that is the basis for his action. The last day on which plaintiff would have known of his injury is the date on which he was convicted in April 1986. Therefore, the statutory period for filing expired in April 1992. Since plaintiff did not bring this action until August 31, 1992, he is barred by the running of the statute of limitations, which extinguishes both the right and the remedy. Ginkowski v. Ginkowski, 28 Wis.2d 530, 536, 137 N.W.2d 403, 406 (1965).
 
 
 65
 I turn next to defendant Schroeder's motion for attorney's fees. Defendant contends that he is entitled to an award of attorney's fees pursuant to Fed.R.Civ.P. 11 and 42 U.S.C. Sec. 1988 for the expenses he incurred in defending against plaintiff's claims. Plaintiff objects on two grounds: defendant did not hire counsel but represented himself and Rule 11 sanctions are not available against pro se litigants such as plaintiff.
 
 
 66
 Plaintiff is wrong on both counts. Defendant was represented by the law firm of Sommer, Olk, Schroeder & Payant, which was hired by defendant's insurer, Wisconsin Lawyers Mutual Insurance Company. Although defendant is a member of that firm, the firm is a separate entity entitled to collect fees for Schroeder's representation. As to plaintiff's contention that as a pro se litigant he is exempt from the sanctions provisions of Rule 11 and Sec. 1988, neither of these provisions excludes pro se litigants from its coverage. In fact, Rule 11 makes specific reference to unrepresented persons in the second sentence of the first paragraph ("A party who is not represented by an attorney shall sign the party's pleading, motion, or other paper and state the party's address").
 
 
 67
 Both Rule 11 and Sec. 1988 are intended to deter the filing of frivolous litigation. Rule 11 requires the imposition of sanctions on persons who make such filings. Section 1988 permits a court to assess costs, including attorney's fees, against the losing party. If the losing party is the plaintiff such costs may be assessed only upon a finding that the plaintiff's claims are frivolous or filed for the purpose of vexation and harassment.
 
 
 68
 That plaintiff's claim against defendant Schroeder is frivolous is beyond dispute. The only allegations plaintiff made against Schroeder are that he acted as one of the lawyers in a civil action in which plaintiff was a defendant and that he was associated intimately with defendant Walter Gayan and became part of the investigation that resulted in "unlawful proceedings" against plaintiff. Plaintiff has no right under the Constitution or any federal law to prohibit civil actions from being brought against him or to control the actions of a private lawyer acting in such case. As to the allegation that defendant was associated intimately with Gayan, plaintiff has alleged nothing that would show that Schroeder reached any kind of understanding with Gayan to deprive plaintiff of his constitutional rights or that either Schroeder or Gayan took any overt act reasonably related to the promotion of an illegal conspiracy. Plaintiff's claim that the investigation resulted in an illegal act has been determined conclusively against him by the state courts and by this court, all of whom have upheld the legitimacy of the criminal proceedings against him.
 
 
 69
 When plaintiff filed this suit, he knew that the state courts had upheld his conviction, thus rebutting any claim he had that it was a violation of his constitutional rights for the defendants to work together to prosecute him. His going ahead with the filing in the fact of such knowledge was clearly frivolous, making him subject to sanctions under Rule 11 and Sec. 1988. Suing the persons he believed responsible for his convictions implies an element of harassment as well.
 
 
 70
 Plaintiff has not alleged that he cannot pay a judgment against him for attorney's fees. He is no longer in custody. I conclude that a reasonable sanction is $3,000. This is less than the $4,120.56 incurred by defendant Schroeder's insurer for attorney's fees and costs of representation, but it is sufficient to deter plaintiff from the filing of similarly frivolous suits in the future.
 
 ORDER
 
 71
 IT IS ORDERED that the motion to dismiss of defendant M & I Bank is GRANTED. FURTHER, IT IS ORDERED that the request for attorney's fees of defendant William Schroeder is GRANTED; and plaintiff is directed to pay to defendant Schroeder the sum of $3,000.
 
 
 72
 Entered this 3rd day of June, 1993.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record
 
 
 [2]
 Whether the district court erred in considering Miller's affidavit which contained Smith's prison and parole dates is of no consequence since Smith admitted that he was imprisoned in October 1988. (Reply Br. at 2)
 
 
 [3]
 Smith argues that he should have been allowed to amend his complaint if the district court thought his claims were not sufficiently specific. Given that Smith's claims were time-barred, no amendment would have saved his complaint. E.g., Indemnified Capital Inv., S.A. v. R.J. O'Brien & Assoc., Inc., 12 F.3d 1406, 1413 (7th Cir.1993)
 
 
 [4]
 Once the district court resolved Smith's federal claims, it could "bypass" his state legal malpractice claim against Herrling, Myse, Swain & Dyer, Ltd., and dismiss it for lack of supplemental jurisdiction. 28 U.S.C. Sec. 1367(c); Stamatakis Indus., Inc. v. King, 965 F.2d 469, 470 (7th Cir.1992)
 
 
 [5]
 The "Defendant-Appellee William Schroeder's Motion to Strike Reply Brief of Plaintiff-Appellant" pursuant to Fed.R.App.P. 28(d)(2) is denied. "[A] plaintiff is 'free on ... appeal to give us an unsubstantiated version of the events,' provided it is consistent with the complaint, to show that the complaint should not have been dismissed." Dawson v. General Motors Corp., 977 F.2d 369, 372 (7th Cir.1992) (quoting Orthmann v. Apple River Campground, Inc., 757 F.2d 909, 915 (7th Cir.1985)); American Inter-Fidelity Exchange v. American Re-Insurance Co., No. 93-2229, slip op. at 5-6 (7th Cir. Mar. 1, 1994); Harrell v. United States, 13 F.3d 232, 236 (7th Cir.1993); Hi-Lite Products Co. v. American Home Prod. Corp., 11 F.3d 1402, 1405-06 (7th Cir.1993); see Hrubec v. National R.R. Passenger Corp., 981 F.2d 962, 964 (7th Cir.1992) ("A plaintiff need not put all of the essential facts in the complaint. He may add them by affidavit or brief--even a brief on appeal.")
 
 
 [1]
 Plaintiff has failed to serve a summons and complaint on defendant Karch within 120 days of filing this complaint as required under Fed.R.Civ.P. 4(j). Defendant Karch will be dismissed from this suit without prejudice
 
 
 [2]
 Because I will grant all the pending motions to dismiss, defendant M & I Bank will be left as the sole remaining defendant in this action
 
 
 [3]
 For the purpose of this motion to dismiss and because I will grant the motion to dismiss of these defendants on statute of limitations grounds, I am treating defendant Gayan together with the other defendants in the Attorney General's office